### COMMONWEALTH *vs.* HARLEY O. SABEAN.

Suffolk.    March 2, 1931. — June 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle,* Operation. *Evidence,* Inference, Relevancy and materiality, Previous conviction. *Practice, Civil,* Charge to jury, Exceptions.

One licensed to operate motor vehicles cannot be charged, under G. L. c. 90, § 10, in the amended form appearing in St. 1929, c. 262, with accompanying an unlicensed operator of a motor vehicle while the operator was under the influence of liquor, if the licensed person did not have knowledge that the operator was unlicensed.

At the trial of a complaint under G. L. c. 90, § 10, in the amended form appearing in St. 1929, c. 262, there was evidence that an automobile, owned by the defendant and registered in his name, was operated on a way by one whose operator's license had expired; that the defendant, whose license to operate was in force, accompanied the operator; that both men were drunk; and that the operator said he was operating under the defendant's license. The defendant introduced in evidence records of the conviction of the operator upon

charges of operating the motor vehicle without a license and under the influence of intoxicating liquor; and testified that the operator, overhearing the defendant say he would not drive the automobile because he had been drinking, offered to drive; that the defendant asked him if he had a license and received an answer in the affirmative; that the operator removed from his pocket a book containing what purported to be a license, which had expired, but it was not examined by the defendant; and that the defendant did not know it was a license which had expired until after he and the operator had been arrested.    Upon exceptions by the defendant after a verdict of guilty, it was *held*, that

(1) The evidence warranted an inference that the defendant knew that the operator was unlicensed, and warranted a verdict of guilty: the jury were not bound to believe the testimony of the defendant;

(2) The trial judge properly refused to rule that, if the operator had been convicted of the offence of driving the automobile without a license, the defendant could not be found guilty and it could not be found that the operator was operating under the defendant's license: the previous conviction of the operator for a separate offence at a separate trial was immaterial;

(3) The trial judge properly refused a ruling that, "If an unlicensed operator of a motor vehicle is found guilty of operating a motor vehicle while under the influence of intoxicating liquor, then the licensed operator who accompanied him must be found not guilty of operating a motor vehicle while under the influence of intoxicating liquor": the offence charged in the complaint was a different offence from that of which the operator had been convicted;

(4) Instructions to the jury, to the effect that they might find the defendant guilty even if he believed that the operator was duly licensed and purported to operate the automobile under his own license, and that the burden was on the defendant to ascertain whether the operator's license was in effect, were erroneous: unless the defendant had knowledge of the fact that the operator was not licensed as an operator, there did not exist the situation contemplated by said § 10, as amended, of an unlicensed operator accompanied by a licensed operator, and it was immaterial what effort the defendant made to ascertain the validity of the operator's purported license;

(5) The error was prejudicial to the defendant and his exception to the instructions must be sustained.

COMPLAINT, received and sworn to on June 23, 1930, in the Municipal Court of the Charlestown District of the City of Boston, charging that "Ernest M. Nelson . . . did operate a motor vehicle upon a certain way . . . while under the influence of intoxicating liquor, and that said Nelson was not then and there licensed to operate motor vehicles . . . and that said Nelson was riding with and accompanied by Harley O. Sabean, . . . the said Sabean

being then and there duly licensed to operate motor vehicles . . . and in accordance with the provisions of . . . [G. L. c. 90, § 10,] as amended, the said Sabean was liable for the aforesaid violation of the said provisions of said . . . [c. 90]."

On appeal to the Superior Court, the complaint was tried before *Hayes*, J., a judge of a district court sitting in the Superior Court under statutory provisions. The judge denied a motion by the defendant that a verdict of not guilty be ordered. Material evidence and portions of the judge's charge to the jury are stated in the opinion. The judge refused the following requests for rulings by the defendant:

"1. If the operator of a motor vehicle is guilty of operating said motor vehicle because he is unlicensed and without authority, then a licensed operator, who accompanies the said unlicensed operator cannot be found guilty of the violation of an automobile law by the said unlicensed operator, while accompanied by a licensed operator.

"2. If an unlicensed operator of a motor vehicle is found guilty of operating a motor vehicle while under the influence of intoxicating liquor, then the licensed operator who accompanied him must be found not guilty of operating a motor vehicle while under the influence of intoxicating liquor.

"3. An operator of a motor vehicle who is unlicensed and is found guilty of operating a motor vehicle because he is unlicensed or without authority, then it cannot subsequently be found that he was operating under the license of a person accompanying him at the time."

The defendant was found guilty and alleged exceptions.

The case was argued at the bar in March, 1931, before *Rugg,* C.J., *Crosby, Pierce, Wait,* & *Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*G. L. Rabinowitz,* for the defendant.

*F. J. Hickey,* Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was found guilty upon a complaint charging him with a violation of G. L. c. 90, § 10, as amended by St. 1923, c. 464, § 4, St. 1929, c. 262,

in that he, being a person licensed to operate motor vehicles, was riding with and accompanying one Ernest M. Nelson, an unlicensed operator, who was operating a motor vehicle while under the influence of intoxicating liquor. The case is before this court on the defendant's exceptions to refusals to direct a verdict of not guilty and to give certain instructions, and to a portion of the instructions given.

There was testimony that on the evening of June 16, 1930, the defendant came to Charlestown in his automobile and went to a house where he drank intoxicating liquor. About midnight a police officer doing traffic duty stopped the defendant's automobile, which was being operated on a public way by Nelson and in which the defendant was riding. Both Nelson and the defendant were drunk and were placed under arrest. At the police station the officer asked for the registration of the automobile and for the license of the operator. Nelson showed a license issued to him which had expired sometime previously. The defendant produced his license to operate motor vehicles, and a certificate of registration of the automobile Nelson had been operating, both of which were in effect. The police officer testified that Nelson said he was operating under the defendant's license. The defendant denied this and said that Nelson was operating under his own license. The defendant introduced in evidence records of the conviction of Nelson upon charges of operating a motor vehicle without a license and under the influence of intoxicating liquor. These charges were based upon the conduct of Nelson at the time and place set forth in the complaint on which the defendant was tried.

The defendant testified that on the night of June 16, 1930, he had been drinking in a house in Charlestown; that he intended to walk to a garage to request someone to drive his automobile into the garage for him; that he left the house with a woman who remarked that she would like to take a ride, but the defendant stated he would not drive the automobile because he had been drinking; that, as he made this statement, Nelson, who was known to the defendant, came along, overheard the conversation and

said that he would drive; that the defendant asked him if he had a license and received an answer in the affirmative; that Nelson removed from his pocket a book containing what purported to be a license, but it was not examined by the defendant; that he did not know it was a license that had expired until he learned the fact at the police station. The woman, who the defendant testified left the house in Charlestown with him, was not present in court, but it was agreed that, if present, she would testify that the defendant left the house where he had been drinking; that he met Nelson who said he had a license to operate an automobile and showed something to the defendant which he said was a license; that the defendant did not examine it, and that then Nelson operated the automobile. In rebuttal the police officer who stopped the defendant testified that there was no woman in the automobile at the time he saw it being operated and that no woman left it.

Upon the foregoing evidence the jury were warranted in finding the defendant guilty under G. L. c. 90, § 10, as amended. It could have been found that Nelson was operating the automobile without a license, and it could be further found as a reasonable inference from all the evidence that this fact was known to the defendant, and that he was riding with and accompanying Nelson within the meaning of G. L. c. 90, § 10, and thus became liable for any violation by Nelson of the provisions of that statute. *Bourne* v. *Whitman*, 209 Mass. 155, 165–166. Compare *Commonwealth* v. *Sherman*, 191 Mass. 439. The credibility of the witnesses was for the jury. They were not bound to believe the testimony of the defendant. *Commonwealth* v. *Feci*, 235 Mass. 562, 571. *Commonwealth* v. *McCarthy*, 272 Mass. 107, 111.

No one of the defendant's requests properly could have been given. Conviction of Nelson of the offence of operating a motor vehicle without a license on the occasion above referred to took place at a separate trial. There is nothing in the record as to what defence, if any, he offered at that time. The conviction of the defendant in the present case is not affected by the previous conviction of Nelson of a

separate offence. Compare *Commonwealth* v. *Gavin*, 148 Mass. 449. The first and third requests for this reason could not properly have been given.

The second request was as follows: "If an unlicensed operator of a motor vehicle is found guilty of operating a motor vehicle while under the influence of intoxicating liquor, then the licensed operator who accompanied him must be found not guilty of operating a motor vehicle while under the influence of intoxicating liquor." This request was rightly refused. The defendant was convicted of a different offence from that with which Nelson was charged. G. L. c. 90, § 10.

In his charge to the jury the judge said: "If you find that the defendant was told by Nelson that he, Nelson, had a license to operate an automobile and Nelson drew from his pocket a book in which there was something Nelson said was a license, a burden devolved upon the defendant to ascertain if such license was an operative license, that is, a license given by the registrar of motor vehicles to Nelson to operate motor vehicles and then in effect. If the defendant paid no further attention or made no effort to ascertain if said purported license was an operative license, that is a license in effect, and if you find that said purported license was not an operative one and Nelson had no operator's license, and the defendant allowed Nelson to operate his, the defendant's, automobile without a license, and the defendant was a licensed operator and accompanied Nelson, the defendant having his license to operate motor vehicles which was in effect with him while Nelson was operating the defendant's automobile, the statute says that the licensed operator shall be liable for any violation of this chapter, G. L. c. 90; so if Nelson under these circumstances was operating this automobile under the influence of intoxicating liquor, and he was an unlicensed operator, and the defendant was a licensed operator and having his license to operate with him accompanied said Nelson, the defendant would be liable for Nelson's operation of said automobile while under the influence of intoxicating liquor."

These instructions were misleading and prejudicial to the

rights of the defendant. The complaint upon which the defendant was tried was based on G. L. c. 90, § 10. The jury were instructed that the burden was on the defendant to ascertain whether Nelson's license was in effect at the time mentioned, and that if, in fact, the purported license had expired and the defendant accompanied Nelson he would be liable under G. L. c. 90, § 10. The effect of the charge was to convey to the jury the impression that they could find the defendant guilty even if he believed that Nelson was duly licensed and Nelson purported to operate the automobile under his own license. The instruction so given is based upon a wrong interpretation of the statute. In *Bourne* v. *Whitman*, 209 Mass. 155, where the proper construction of the statute was considered by this court, it was said by Chief Justice Knowlton: "In a case like the present, where the unlicensed operator was a person of skill and great experience, whose license had expired only the day before and who was expecting another license within a day or two, the supervision and reasonable proximity required by law would not be as close as in ordinary cases, but we are of opinion that the law contemplates at least knowledge on the part of both persons, of the existence of a relation like that of operator without a license, and licensed chauffeur or operator accompanying him, in a position to advise or assist with reasonable promptness, if necessary." The condition intended by the Legislature under G. L. c. 90, § 10, is one where both parties have knowledge of the fact that the operator of the automobile is unlicensed and the person accompanying him holds a valid operator's license. Compare G. L. c. 90, § 12, as amended by St. 1923, c. 464, § 5, St. 1925, c. 201, § 1. The judge did not so instruct the jury. The instructions given had a tendency to leave the jury to understand that such knowledge was unnecessary. It cannot be said that the rights of the defendant were not thereby prejudiced. There was no burden on the defendant to ascertain whether Nelson's license was in full force and effect in order to relieve himself from liability under G. L. c. 90, § 10, whatever might be his liability under G. L. c. 90, § 12. Unless the defendant had knowl-

edge of the fact that Nelson was not licensed as an operator, there did not exist the situation contemplated by § 10 of an unlicensed operator accompanied by a licensed operator, and it was immaterial what effort the defendant made to ascertain the validity of Nelson's purported license. In the opinion of a majority of the court the entry must be

*Exceptions sustained.*