[Crim. No. 5665. In Bank. Feb. 4, 1955.]

THE PEOPLE, Appellant, v. DEWEY SMITH, Respondent.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Appellant.

Edgar G. Langford and J. Perry Langford for Respondent.

SPENCE, J.—This is an appeal from an order setting aside an information charging defendant with pimping, a violation of section 266h of the Penal Code.

The evidence at the preliminary hearing showed that defendant had solicited a customer for a woman who was known to defendant to be a prostitute, but there was no evidence to show that defendant either solicited compensation or received compensation for the solicitation of any customer. Upon arraignment in the superior court, defendant moved to set aside the information (Pen. Code, § 995), and the motion was granted. The People appeal from the order granting the motion.

The pertinent part of section 266h reads: "Any male person who, knowing a female person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of her prostitution, or from money loaned or advanced to or charged against her by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, *or who solicits or receives compensation for soliciting for her,* is guilty of pimping, a felony, . . ." (Emphasis added.)

The sole question presented by this appeal is one of statutory construction. Does section 266h of the Penal Code proscribe the mere solicitation of a customer for a prostitute? It is our conclusion that it does not, and that therefore the order setting aside the information must be affirmed, as no probable cause existed for holding defendant to answer for the offense charged in the information.

We are concerned here only with the interpretation of that portion of the section which provides that a male person who knows a female is a prostitute is guilty of the felony of pimping if he "solicits or receives compensation for soliciting for her, . . ." The verbs "solicits" and "receives" are separated by the word "or," which ordinarily is used as a disjunctive conjunction, the function of which is to mark an alternative generally corresponding to "either," as "either this or that." (*Barker Bros., Inc.* v. *Los Angeles,* 10 Cal.2d 603, 606 [76 P.2d 97] ; *Dodd* v. *Independence Stove & Furnace Co.,* 330 Mo. 662 [51 S.W.2d 114, 118] ; *State* v.

*McGee,* 336 Mo. 1082 [83 S.W.2d 98, 110].) The People and defendant are in agreement as to this. As a result, they both agree that the language here under consideration indicates that the offense of pimping may be committed in either of two ways. Moreover, they both agree that one of these ways is by the receipt of compensation for soliciting for a prostitute. However, they are in disagreement as to the other.

The People take the position that the two verbs, thus separated by the word ''or,'' refer to different objects; that is, ''solicits'' refers to an unstated object ''customers,'' while ''receives'' refers to the stated object ''compensation.'' Defendant's position is that both verbs refer to the same stated object; that is, both refer to ''compensation.'' Defendant's position appears to be more in conformity with ordinary rules of grammar and punctuation; but in any event, the least that can be said is that the section as written and punctuated is reasonably susceptible of the construction for which defendant contends.

 ''When language which is reasonably susceptible of two constructions is used in a penal law, ordinarily that construction which is more favorable to the offender will be adopted.'' (*People* v. *Ralph,* 24 Cal.2d 575, 581 [150 P.2d 401]; *People* v. *Valentine,* 28 Cal.2d 121, 143 [169 P.2d 1, 167 A.L.R. 675].) The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute. (*Ex parte Rosenheim,* 83 Cal. 388, 391 [23 P. 372]; *People* v. *Ralph, supra,* 24 Cal.2d 575, 581; *People* v. *Valentine, supra,* 28 Cal.2d 121, 143.) The adoption of the construction for which the People contend would do violence to these established rules. It therefore follows that under the proper interpretation of the disputed language of the section, the second way in which the offense may be committed is by soliciting compensation for soliciting for a prostitute, and not by merely soliciting a customer.

 Moreover, the prevailing construction is more in conformity with the nature of the other proscribed acts, which are defined in the section as the offense of pimping, and thus it is consistent with the section's apparent purpose. The section proscribes living or deriving support in whole or in part (1) from earnings or proceeds of the prostitution of the female, or (2) from money loaned to her, advanced to her, or charged against her by any one of three specified

persons. It also proscribes soliciting or receiving compensation for soliciting for the prostitute. It is clear therefore that the section as a whole is designed to discourage any male person from soliciting or receiving material gain from the practice of prostitution. This purpose is effected if defendant's interpretation is accepted.

Moreover, the general pattern of the several penal code sections relating to the subject of prostitution indicates that the Legislature did not intend by the language of section 266h to make it a felony for a male person merely to solicit a customer for a prostitute. Many of the ordinary offenses connected with the practice of prostitution have been classed as misdemeanors. Thus, being a common prostitute (Pen. Code, § 647), residing in a house of prostitution (Pen. Code, § 315), keeping a house of prostitution (Pen. Code, § 316), and prevailing upon a person to visit a place of prostitution (Pen. Code, § 318) have been made misdemeanors rather than felonies. Certain offenses, which the Legislature apparently deemed more serious, were classed as felonies. (See e.g. Pen. Code, §§ 266, 266a, 266e, 267); and some of these felonies, including those acts covered by section 266h, relate only to the acts of a "male person." (See e.g., Pen. Code, § 266g.)

The mere act of soliciting a customer for a prostitute would seem to be a less serious offense than any of the acts declared to be felonies by the above-mentioned sections. Furthermore, no good reason is apparent for making such mere solicitation by a "male person" a greater offense than similar solicitation for a prostitute by one of her own sex. Such an act of mere solicitation by a person of either sex was no doubt intended to be classed as a misdemeanor under section 318 of the Penal Code, which provides: "Whoever, through invitation or device, prevails upon any person to visit any room, building, or other places kept for the purpose of . . . prostitution, is guilty of a misdemeanor. . . ." It is therefore reasonable to assume that only those acts which are of a more serious nature than the mere solicitation of a customer were intended to be declared felonies by section 266h.

The cases cited by the People do not require a contrary interpretation. (*People* v. *Phillips*, 70 Cal.App.2d 449 [160 P.2d 872]; *People* v. *Giambone*, 119 Cal.App.2d 338 [259 P.2d 10]; *People* v. *Severino*, 122 Cal.App.2d 172 [264 P.2d 656].) In each of said cases, the evidence showed that the defendant did receive compensation. Any language in any of these cases which indicates that section 266h of the Penal

Code proscribes the mere solicitation of a customer is dictum and is hereby disapproved.

The order setting aside the information is affirmed.

Gibson, C. J., Carter, J., Traynor, J., and Schauer, J., concurred.