Chief Judge Cohway.
Defendant is charged with violating section 20 (subd. 4, par. a) of the Vehicle and Traffic Law. He was convicted in the City Magistrates’ Court of the City of New York, Traffic Court, Borough of The Bronx, but the Appellate Division has reversed and has ordered a new trial from which determination the People have appealed to this court.
The facts are simple and undisputed. The only witness in the case, a police officer, testified that, at about 2:30 a.m, on January 14,1957, he was on motor patrol duty on Bruckner Boulevard in The Bronx. While proceeding in a southerly direction, he noticed an automobile approaching, traveling north in a southbound lane. He continued to watch it as it made a léft turn into 149th Street. The patrolman chased, overtook and stopped the automobile and, upon questioning the operator, learned that he was an unlicensed operator. The defendant was seated in the front seat on the passenger’s side. Upon being questioned by the patrolman, the defendant admitted that it was his car. The officer then served a summons on the driver for driving without a license and served a summons on defendant for permitting an unlicensed operator to drive his automobile.
After the patrolman had testified, the defendant was asked if he desired to cross-examine. He replied that he did not. *599 Instead, he made a motion to dismiss on the ground that the People had not made out a prima facie ease. There followed a rather lengthy discussion between the Magistrate and the defendant. The upshot of this discussion was that all motions made by the defendant were denied and he was found guilty of violating section 20 (subd. 4, par. a) of the Vehicle and Traffic Law, which reads: “ 4. Unlicensed operators or chauffeurs cannot drive motor vehicles, a. * * *; nor shall any person knowingly authorize or permit the operation or driving of- a motor vehicle owned by him or in his charge upon a public highway of this state by any person who is not duly licensed under this chapter to so operate or drive a motor vehicle * * *.” (Emphasis supplied).
In reversing the judgment of conviction and ordering a new trial, the Appellate Division wrote: 11 * * * There was no proof from which the City Magistrate could properly have found that defendant authorized or permitted the operation of his automobile by a person who he knew was an unlicensed driver. The People failed to prove actual knowledge of that fact on the part of defendant, nor was there any proof of circumstances warranting an inference of such knowledge. Since an essential element of the People’s proof was the establishment of the defendant’s knowledge of the fact that the person operating his car with his consent was an unlicensed driver, the judgment of conviction must be reversed on the law, the fine remitted and a new trial ordered.”
The People urge only one point on this appeal, namely-, that the prosecution was not required to establish that defendant knew thqt the person he had permitted to operate his automobile was not a licensed, operator. Bather, it is claimed that, unless the statute is construed as imposing a duty upon the automobile owner to inquire whether the person is licensed to operate a motor vehicle before permitting him to drive it upon a public highway, th,e statute will become a nullity and the purpose for which it was enacted will be thwarted.
We find no merit in the argument of' the People.
Inasmpch as the violation of section 20 (subd. 4, par. a) of the Vehicle and Traffic Law is no mere traffic infraction, but is specifically made a misdemeanor by statute (Vehicle and Traffic Law, § 70, subds. 1, 10), the criminal law rules of presumption *600 of innocence and necessity of proof of guilty beyond a reasonable doubt are applicable (see People v. Hildebrandt, 308 N. Y. 397, 400). With that in mind, we turn to a consideration of the language of section 20 (subd. 4, par. a).
The section is violated only if the owner of a motor vehicle “knowingly authorize[s] ” and “ permit[s] ” his automobile to be driven by a person not duly licensed to operate a motor vehicle. Section 3 of the Penal Law defines “ knowingly ” as follows: “ 4. The term ‘ knowingly ’ imports a knowledge that the facts exist which constitute the act or omission a crime, and does not require knowledge of the unlawfulness of the act or omission.” Similarly, in case law, ‘‘knowingly” has been construed as meaning a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom (People v. Ahrend Co., 308 N. Y. 112, 113; People v. Rosenthal, 197 N. Y. 394, 398, affd. 226 U. S. 260; People v. McHugh, 271 App. Div. 135, 140; State v. Bridgewater, 171 Ind. 1; Commonwealth v. Altenhaus, 317 Mass. 270; People v. Flumerfelt, 35 Cal. App. 2d 495; Crawford v. Joslyn, 83 Vt. 361). It follows that in an instance where the word “knowingly” is used in a criminal statute — as it is here — it is incumbent upon the prosecution, as part of its case, to prove knowledge of facts on the part of the accused sufficient to “constitute the act or omission a crime”, but not that the accused knew that the act or omission itself was unlawful.
The particular part of section 20 (subd. 4, par. a) of the Vehicle and Traffic Law with which we are here concerned has come under the scrutiny of the courts, as far as we have been able to ascertain, on but three occasions. In each case the import of the word “ knowingly ” has been determined to place upon the prosecution the burden of establishing circumstances from which knowledge on the owner’s part that the driver was not.duly licensed could reasonably be inferred (People v. Asselta, 1 A D 2d 960; People v. Crean, 206 Misc. 311; People v. Tompkins, 202 Misc. 147). While it is true that none of these cases is binding upon our court, nevertheless the reasoning of each case is persuasive and, in our opinion, correct. In the Crean case (supra, p. 312), the County Court aptly observed:
“ The term ‘ knowingly ’ under the statute in question imports something more than carelessness or lack of inquiry. * * * *601 “ Since knowledge is a constituent part of the crime under the statute, it must, therefore, be alleged and proved.
“ The statute does not require or place upon the owner of a motor vehicle the burden or duty to make inquiry as to whether or not the person authorized or permitted to operate the motor vehicle was duly licensed.”
In the present case, the People failed to prove any facts from which it might be reasonably inferred that the defendant knew that the driver of his automobile was not licensed to drive. That is a fatal defect in the People’s case. In order to sustain a conviction for violating section 20 (subd. 4, par. a) of the Vehicle and Traffic Law, the specific wording of that statute — “ Tmoioingly authorize or permit the operation * * * of a motor vehicle owned by him or in his charge * * * by any person who is not duly licensed * * * to so operate * * * a motor vehicle ” (emphasis added) — requires that the prosecution allege and prove some fact or circumstance from which it may be inferred that the owner of the automobile had knowledge that the one whom he allowed to operate his car was not duly licensed to drive. The word “knowingly” does not simply modify the words “ authorize or permit” which immediately follow it, as suggested in the dissent, but modifies the full body of the sentence in which it appears. Penal statutes are to be strictly construed against the party seeking their enforcement and in favor of the person being proceeded against (see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 271). To hold that the word “knowingly” modifies only the words ‘ ‘ authorize or permit ’ ’ would be to construe the statute liberally in favor of the People. This we may not do. No relevancy can be attached to the fact that our construction of the statute may make it difficult in some case to secure the punishment of persons actually guilty of violating section 20 (subd. 4, par. a) of the Vehicle and Traffic Law. The Legislature has defined the crime and it is not our function to alter the definition.
The order of the Appellate Division which orders a new trial should be affirmed.