[Crim. No. 11700. In Bank. Mar. 4, 1968.]

In re ROBERT LEE MURDOCK on Habeas Corpus.

[redacted]

---

[redacted]

Goth, Dennis & Aaron and Gerald M. Schneider for Petitioner.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Joyce F. Nedde, Deputy Attorneys General, for Respondent.

TRAYNOR, C. J.—Petitioner was convicted in a municipal court of driving an automobile with knowledge that his driver's license had been suspended. (Veh. Code, § 14601.)[1] The appellate department of the superior court affirmed the conviction without opinion and refused to certify the case to the Court of Appeal. Petitioner then sought a writ of habeas corpus in the Court of Appeal, and after that court denied his petition, he sought relief in this court. We issued an order to

[1] "(a) No person shall drive a motor vehicle upon a highway at any time when his driving privilege is suspended or revoked and the person so driving has knowledge of either such fact.

"Any person convicted under this section shall be punished upon a first conviction by imprisonment in the county jail for not more than six months or by fine of not more than five hundred dollars ($500) or by

show cause and ordered petitioner released on his own recognizance pending our decision herein.

The relevant facts are not in dispute. In October 1964 petitioner was issued a California driver's license listing his address at that time. On November 10, 1965, he was involved in an automobile accident. Before then he had moved and failed to notify the Motor Vehicle Department of his new address as required by Vehicle Code section 14600, subdivision (a).[2] Petitioner listed his correct address on the accident report, however, and on January 17, 1966, the department mailed a notice of license suspension to him at that address.[3] Since petitioner had moved again after the accident and failed to notify the department of his change of address, the notice was not delivered but was returned to the department marked "Moved, Left No Address." On October 7, 1966, petitioner was arrested for speeding and was thereafter charged with speeding and driving with knowledge that his license had been suspended. Although he had registered his automobile at his correct address on March 18, 1966, at no time before trial had he notified the department of a change of address applicable to his driver's license, and he did not learn that his license had been suspended until after his arrest for speeding. The court found him not guilty of speeding but guilty of driving with knowledge that his license had been suspended.

 The sole question presented in this proceeding is whether a driver who has no actual knowledge that his license

---

both such fine and imprisonment and upon a second or any subsequent conviction, within seven years of a prior conviction, by imprisonment in the county jail for not less than five days nor more than one year and by fine of not more than one thousand dollars ($1,000) or by both such fine and imprisonment.

"(b) If any person is convicted of a second or subsequent offense under this section within seven years of a prior conviction and is granted probation, it must be a condition of probation that such person be confined in jail for at least five days."

[2] "Whenever any person after applying for or receiving a driver's license moves, or acquires a new address different from the address shown in the application or in the license issued to him, he shall within 10 days thereafter notify the department in writing of his old and new address."

[3] The suspension was ordered pursuant to Vehicle Code, section 16080, which provides: "Whenever a driver has failed within 50 days after an accident to establish his exemption from security and has failed to deposit security within 10 days after notice by the department specifying the amount of security, the department shall suspend the privilege of the driver to drive a motor vehicle, including the driving privilege of a nonresident of this State. The suspension shall become effective not later than the seventy-sixth day after receipt of the accident report by the department."

has been suspended or revoked by the department can be guilty of violating section 14601. We hold that he cannot.

■ Since there is no material dispute as to the facts, and the statute under which petitioner was convicted does not prohibit his conduct, habeas corpus is a proper remedy. (*In re Zerbe* (1964) 60 Cal.2d 666, 668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840].)

■ The Attorney General contends that constructive knowledge is sufficient to meet the requirement of section 14601. He urges that when the department gives notice of a license suspension by mail pursuant to sections 22 and 23 of the Vehicle Code,[4] the licensee has knowledge of the suspension within the meaning of section 14601, at least when, as in this case, he has failed to notify the department of his change of address or effectively to arrange for the forwarding of his mail by the post office.[5] The cases cited in support of this position deal with different statutes and different issues and are therefore not helpful.

The Legislature has clearly distinguished between the misdemeanor of failure to notify the department of a change of address and the misdemeanor of driving with knowledge of a license suspension or revocation, and it has provided greater penalties for the latter crime.[6] If a notice of suspension that failed to notify because the licensee had moved were sufficient to constitute knowledge within the meaning of section 14601, the licensee would be subject to the punishment prescribed by that section, not because he flaunted its prohibition, but because he was antecedently guilty of another lesser offense. Such an anomaly would be wholly inconsistent with the Legislature's requirement of knowledge in other provisions of the code.[7] We are convinced that had the Legislature meant con-

---

[4]Section 22: ''Whenever notice is required to be given under this code by a department or any division, officer, or employee thereof, such notice shall be given either by personal delivery to the persons to be notified or by mailing notice, postage prepaid, addressed to such person at his address as shown by the records of the department.'' Section 23: ''. . . The giving of notice by mail is complete upon the expiration of four days after deposit of the notice in the mail. . . .''

[5]The evidence is in dispute concerning whether petitioner filed a change of address form with the post office on November 12, 1965, but in this habeas corpus proceeding we must resolve that dispute against petitioner.

[6]In addition to the penalty applicable to violations of both Vehicle Code section 14600 and section 14601 (see Veh. Code, §§ 40000, 42002) a violator of section 14601 is subject to a more severe sentence on second offense (Veh. Code, § 14601), impoundment of his automobile (Veh. Code, § 14602) and additional points leading to denial of renewal of license (Veh. Code, § 12810).

[7]Section 14601 forbids driving with ''knowledge'' that one's license has been suspended or revoked; section 14606 forbids ''knowingly''

structive knowledge to be the equivalent of actual knowledge, it would have said so.

Our construction of section 14601 is in accord with the decisions in other states construing similar statutes. (*People* v. *Shapiro* (1958) 4 N.Y.2d 597 [176 N.Y.S.2d 632, 152 N.E.2d 65, 69 A.L.R.2d 973]; *Commonwealth* v. *Sabean* (1931) 275 Mass. 546 [176 N.E. 523]; *City of Cincinnati* v. *Christy* (Ohio, Ct. App. 1966) 7 Ohio App.2d 46 [36 Ohio Ops.2d 123, 219 N.E.2d 45].) Moreover, even if the language of the statute, ''and the person so driving has knowledge'' of the suspension of his license, could reasonably be construed to include constructive knowledge, we would still reach the same result, for a construction requiring actual knowledge is at least as reasonable. ██ ''When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted.'' (*People* v. *Ralph* (1944) 24 Cal.2d 575, 581 [150 P.2d 401].) ''This rule is particularly pertinent here, where one of the proposed constructions would impose absolute criminal liability. . . .'' (*People* v. *Stuart* (1956) 47 Cal.2d 167, 175 [302 P.2d 5, 55 A.L.R.2d 705]; see also, *In re Tartar* (1959) 52 Cal.2d 250, 257 [339 P.2d 553]; *People* v. *Smith* (1955) 44 Cal.2d 77, 79 [279 P.2d 33]; *People* v. *Valentine* (1946) 28 Cal.2d 121, 143 [169 P.2d 1].)

The writ is granted, and the petitioner is discharged from custody.

Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

MOSK, J.—I dissent.

The petitioner insists he had no actual knowledge that his license had been suspended; the Attorney General maintains constructive knowledge is sufficient. I would hold that petitioner had actual knowledge of sufficient relevant facts for the invocation of Vehicle Code section 14601.

Petitioner knew that on November 10, 1965, he was involved in an automobile accident. He knew, or should have known,

permitting an unlicensed person to drive one's automobile; section 14607 forbids ''knowingly allowing an unlicensed child to drive one's automobile; and section 14610, subdivision (b) forbids ''knowingly'' permitting the use of one's driver's license by another. In contrast, section 14603 forbids driving in violation of restrictions on a license; section 14604 forbids employment of an unlicensed chauffeur; and section 14608 forbids renting an automobile to an unlicensed driver.

that Vehicle Code section 16080 requires a driver "within 50 days after an accident to establish his exemption from security." He knew that he did not do so. He knew, or should have known, that upon failure to do so the Department of Motor Vehicles is mandatorily compelled to suspend his privilege to drive a motor vehicle; that the suspension shall become effective not later than the 76th day after receipt of the accident report by the department, and that reports are filed with the department on or before the 5th of the month following the accident. (Veh. Code, § 20008, subd. (a).)

Thus, by a process of simple mathematical computation this petitioner knew that no later than 76 days after December 5, 1965, his license was suspended pursuant to process of law. With that knowledge he nevertheless continued, with apparent unconcern, to operate his vehicle.

I find unconvincing petitioner's contention that he is absolved from consequences of the foregoing knowledge by virtue of his admitted violation of still another statute, Vehicle Code section 14600, subdivision (a) : failure to notify the department of his change of address. Under his interpretation, one who moves frequently and fails to comply with section 14600, subdivision (a), can indefinitely avoid responsibility under sections 16080, 14601, and others requiring either notice or knowledge. In my opinion, the Legislature did not intend such fortuitous enforcement of statutes designed to promote safety on the highways.

I would deny the writ.

McComb, J., concurred.