Alfred M. Lama, J.
Defendants, cited for violation of ECL 13-0309 (subd 8), have moved to dismiss the information, claiming that they have been charged improperly.
ECL 13-0309 (subd 8) reads as follows: "The operation, use or placing, for whatever purpose, of dredges, rakes, tongs or other devices for the taking of shellfish in uncertified areas * * * is prohibited.”
In open court the defendants admitted clamming in a closed area by the use of their feet but contended that human feet are not the type of device contemplated by the cited section. The court agrees.
*656 It is clear - that the gravamen of the charge against the defendants is not the taking of shellfish from uncertified waters, which is the subject of subdivision 1 of the cited section, but rather the use of devices suitable for such purpose. It is a general rule of judicial construction that penal statutes are to be narrowly construed in favor of the accused. (People v Shapiro, 4 NY2d 597.) In furtherance of that principle, the words used in such statutes are to be given their commonly accepted meaning (People v Glubo, 5 NY2d 461) and cannot be extended to acts not clearly within their terms. (People v Knopfer, 192 Misc 521.)
More specifically, the rule of "ejusdem generis”, meaning "of the same kind”, is frequently resorted to in the absence of clear legislative intent to limit the scope of general words by reference to the surrounding specific terms. "Under this rule, where words of specific or inevitable purport are followed by words of general import, the application of the last phrase is generally confined to the subject matter disclosed in the phrases with which it is connected”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 239.) The rule is particularly applicable to statutes containing a specific enumeration of items followed by the word "other” which "will generally be read as 'other such like,’ so that persons or things therein comprised may be read as ejusdem generis with, and not of a quality superior to or different from, those specifically enumerated.” (McKinney’s Cons Laws of NY, Book 1, Statutes, §239.)
In the instant case, while it is true that the human foot is admirably suited to the detection of clams, by no stretch of the imagination can it be considered analogous to the specific implements enumerated.
Accordingly, although the accusatory instrument on its face spells out an offense under a different section of the Conservation Law, in the absence of a motion by the People to amend, the defendants’ motion to dismiss the information is granted.