[Civ. No. 19134. Fourth Dist., Div. Two. Nov. 18, 1977.]

MARGARET VELASQUEZ REYES, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Alfredo Rivas for Petitioner.

No appearance for Respondent.

James M. Cramer, District Attorney, and Charles D. Weede, Deputy District Attorney, for Real Party in Interest.

Gerald F. Uelmen and Jane Wolf Eldridge as Amici Curiae on behalf of Petitioner.

## OPINION

**KAUFMAN, J.**—Petitioner Margaret Velasquez Reyes is charged by information with two counts of felony child endangering in violation of Penal Code section 273a, subdivision (1). Her motion to set aside the information (Pen. Code, § 995) was denied, and she seeks a writ of prohibition. (Pen. Code, § 999a.) We issued an alternative writ[1] and an order staying trial.

The facts are simple. Petitioner was addicted to the use of heroin[2] and was pregnant. She was warned by a public health nurse that, if she continued using heroin and failed to seek prenatal medical care, the health, and even the life, of any child born to her would be endangered. Nevertheless, between September 1 and October 31, 1976, the final two months of her pregnancy, petitioner continued using heroin and failed to seek prenatal medical care. On October 31, 1977, petitioner gave birth to twin boys. They were born addicted to heroin and suffered withdrawal.

Numerous contentions are made in support of the proposition that petitioner has been committed without reasonable or probable cause (Pen. Code, § 995). ■■■ We are persuaded that the word "child" as used in Penal Code section 273a, subdivision (1) was not intended to refer to an unborn child and that petitioner's prenatal conduct does not constitute felonious child endangering within contemplation of the statute.

Penal Code section 273a, subdivision (1) as it existed at the time of the alleged offenses read in pertinent part: "Any person who, under circumstances or conditions likely to produce great bodily harm or death, . . . having the care or custody of any child, . . . wilfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding 1 year, or in the state prison for not less than 1 year nor more than 10 years."[3]

---

[1]The alternative writ was mistakenly denominated an alternative writ of mandate. Properly, it should have been denominated an alternative writ of prohibition. (See Pen. Code, § 999a.)

[2]Although the district attorney does not concede petitioner was addicted, the evidence of her addiction is uncontroverted.

[3]In connection with the adoption of determinate sentencing the statute was recently amended to eliminate the concluding words "for not less than 1 year nor more than 10 years." (Stats. 1976, ch. 1139, § 165, p. 5108 [operative July 1, 1977].)

We are confident our phraseology of the dispositive issue describes with reasonable accuracy the problem presented. It is true as the district attorney points out that petitioner's children were ultimately born alive and that any danger to their person or health materialized only upon their birth. However, materialization of the danger, that is, harm to the child, is not an element of the offense defined in the statute. (*People* v. *Harris,* 239 Cal.App.2d 393, 398 [48 Cal.Rptr. 677].) It is not contended that petitioner did anything to endanger the persons or health of the children after their birth, and if petitioner placed the children in such a situation that their persons or health were endangered, she did so when she used heroin and failed to seek prenatal medical care during the last two months of her pregnancy, that is, when the children were yet unborn. Consistent with this analysis, the information charges the crimes were committed between September 1 and October 31, 1976.

As respects the question whether it was meant to refer to an unborn child, the statutory use of the word "child" is at best ambiguous. We think it of little benefit to contrast and compare dictionary definitions of the word "child" in vogue on various dates between enactment of section 273a, subdivision (1) or its statutory predecessors and its most recent amendment. We do note that an unborn child has been held not to be a "human being" within contemplation of the murder statute, Penal Code section 187, (*Keeler* v. *Superior Court,* 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]) or the manslaughter statute, Penal Code section 192, (*People* v. *Carlson,* 37 Cal.App.3d 349, 355 [112 Cal.Rptr. 321]); that an unborn child has been said not to be included in the designation "minor child" in the failure to provide statute, Penal Code section 270, (*People* v. *Yates,* 114 Cal.App.Supp. 782, 785 [298 P. 961] [cited with apparent approval in *Justus* v. *Atchison,* 19 Cal.3d 564, 578 (139 Cal.Rptr. 97, 565 P.2d 122)]); that an unborn child has been held not to be a "person" as that word is used in the Fourteenth Amendment to the United States Constitution (*Roe* v. *Wade,* 410 U.S. 113, 158 [35 L.Ed.2d 147, 180, 93 S.Ct. 705]); and that the United States Supreme Court has held an unborn child is not a "dependent child" within the meaning of the aid to families with dependent children provisions of title IV of the Social Security Act of 1935 as amended (*Burns* v. *Alcala,* 420 U.S. 575, 580-581 [43 L.Ed.2d 469, 475-476, 95 S.Ct. 1180]).

The language of section 273a, subdivision (1) itself strongly suggests that the section was not intended to be applicable to prenatal conduct. In order to commit the offense defined by the statute, the offender must be

a person " 'having the care or custody' of [a] child." (*People* v. *Harris, supra,* 239 Cal.App.2d at pp. 398-399.) This requirement presupposes the existence of a living child susceptible to care or custody.

The conclusion that the statute was not intended to apply to conduct endangering an unborn child is confirmed by comparing the punishments previously prescribed by the statute in question and Penal Code section 275 proscribing solicitation of or submission to an unlawful abortion by a pregnant woman. Prior to their recent amendment in connection with the adoption of determinate sentencing, section 273a, subdivision (1) prescribed imprisonment for from one to ten years, whereas section 275 prescribed imprisonment from one to five years. If section 273a, subdivision (1) were interpreted as being applicable to endangering a fetus, the rather absurd result would be that endangering a fetus was more severely punished than aborting it.

"It is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; . . . the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute." (*Keeler* v. *Superior Court, supra,* 2 Cal.3d at p. 631; accord: *People* v. *Smith,* 44 Cal.2d 77, 79 [279 P.2d 33]; *People* v. *Ralph,* 24 Cal.2d 575, 581 [150 P.2d 401]; *People* v. *Johnson,* 134 Cal.App.2d 140, 144 [285 P.2d 74]; see also *People* v. *Baker,* 69 Cal.2d 44, 46 [69 Cal.Rptr. 595, 442 P.2d 675]; *In re Murdock,* 68 Cal.2d 313, 317 [66 Cal.Rptr. 380, 437 P.2d 764]; *People* v. *Alotis,* 60 Cal.2d 698, 708 [36 Cal.Rptr. 443, 388 P.2d 675]; *In re Zerbe,* 60 Cal.2d 666, 668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; *People* v. *Valentine,* 28 Cal.2d 121, 143 [169 P.2d 1].)

The conclusion that Penal Code section 273a, subdivision (1) was not intended to apply to prenatal conduct is further indicated by the fact that when the Legislature has intended to include a fetus or unborn child within the protection of a penal statute, it has done so expressly. As recently pointed out in *Justus* v. *Atchison, supra,* 19 Cal.3d at pages 578-579: "[I]n the limited instances in which the Legislature has extended the protection of the criminal law to the unborn child, it has specially identified the object of its concern. Thus Penal Code section 270 makes it a misdemeanor for a father to willfully fail to provide support for a 'minor child.' Such legislation was construed to be

inapplicable to a failure to support an unborn child. (See *People* v. *Yates* [*supra*] (1931) 114 Cal.App.Supp. 782, 785 [298 P. 961].) When the Legislature determined to extend the statute to that situation it did so expressly, by borrowing the language of Civil Code section 29 and incorporating it in the following amendment to Penal Code section 270: 'A child conceived but not yet born is to be deemed an existing person insofar as this section is concerned.' (Stats 1925, ch. 325, § 1, p. 544.)

"Again, prior to 1970 murder was defined as the unlawful and malicious killing of 'a human being.' (Pen. Code, § 187.) In that year we held—in accord with the settled common law rule at the time of the enactment of the Penal Code—that the prior live birth of the victim was mandatory to a conviction of murder and hence that a fetus was not a 'human being' within the meaning of section 187. (*Keeler* v. *Superior Court*, (1970) *supra*, 2 Cal.3d 619, 628-631.) The Legislature thereupon chose to extend the statute to the case of the unborn child, but did so by creating a new category of murder victims: rather than redefine the term 'human being' to *include* a fetus, the Legislature declared that murder is now the unlawful and malicious killing of 'a human being, *or* a fetus' (italics added; Stats. 1970, ch. 1311, § 1, p. 2440). [Fn. omitted.]

"We conclude from the foregoing that when the Legislature determines to confer legal personality on unborn fetuses for certain limited purposes, it expresses that intent in specific and appropriate terms; the corollary, of course, is that when the Legislature speaks generally of a 'person,' as in [Code of Civil Procedure] section 377, it impliedly but plainly excludes such fetuses. . . ."

So, we here conclude that when the Legislature speaks of "such child" in Penal Code section 273a, subdivision (1), having reference to a child in the care or custody of the offender, it impliedly but plainly excludes unborn children. Had the Legislature meant to include unborn children among the class of victims described in Penal Code section 273a, subdivision (1) it could easily have so provided by amending that statute in either of the ways in which it amended Penal Code sections 187 and 270 for the very same purpose.

Let a peremptory writ of prohibition issue to the San Bernardino Superior Court restraining it from further proceedings in action No.

CR-33650 entitled "The People of the State of California v. Margaret Velasquez Reyes" except to dismiss the case. The alternative writ is discharged and the stay order vacated.

Gardner, P. J., and Morris, J., concurred.