THE STATE OF OHIO *v.* MILLER.

(No. T12232—Decided October 26, 1965.)

*Mr. Ralph E. Cors* and *Mr. Donald Hardin,* for plaintiff.
*Mr. Anthony J. Brueneman, Jr.,* for defendant.

KEEFE, J.   Defendant has been tried on a charge of violating Section 4507.33, Revised Code, entitled "Restriction Against Owner Lending Vehicle for Use of Another," and which reads as follows:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or whose act of driving said vehicle would violate Sections 4507.01 to 4507.39, inclusive, of the Revised Code."

The maximum possible penalty is five hundred dollars or imprisonment not more than six months, or both.

Defendant contends that he has not been proven guilty beyond a reasonable doubt of violating this statute and requests a dismissal of the charge.   The evidence shows that he was apprehended by a police officer in the back seat of his own automobile which was being operated by another man.   The driver had no operator's license and for this he has been sentenced to jail, consideration having been given to prior convictions on similar charges.

Defendant claims that he did not "knowingly permit" the driver to operate the car without an operator's license, the defendant further maintaining that he asked the driver whether he was licensed, to which the driver replied he was. According to the defendant's testimony, the driver actually showed the defendant a paper of some sort which the defendant testified he believed was the driver's valid operator's license. This paper was not produced. The driver definitely was not licensed. There is no question about this. Defendant admitted that he had known the driver for about a year and thought the driver was legally entitled to drive.

Under Section 4507.33, Revised Code, must the State prove that the defendant "knowingly" permitted operation of his vehicle by an unlicensed operator? In view of the clear way in which the statute is constructed, the answer must be no. The statute states that "no person shall authorize or knowingly permit," the entire section being set out in full above. There can be no obscurity about the meaning of the word "authorize." For the purpose of this statute, it is simply the lending of a motor vehicle to another with permission, voluntarily and purposely, to be driven by the borrower. Since the Legislature has used the disjunctive "or," the prosecution is not required to prove both authorization and knowledgeable permission, proof of authorization only being sufficient. To prove "knowingly permit" ordinarily would seem to place a heavier burden upon the prosecuting authority than to prove simple authorization. However, assuming only for the sake of argument, that the state has to prove knowledgeable permission in prosecutions under this section, I think the Legislature's intent is plain that a defendant should not be allowed successfully to defend by putting on a blindfold, as it were, and making no reasonable attempt to learn whether the borrower has a valid operator's license.

The fact that the defendant did authorize the non-licensed driver to operate the defendant's vehicle has been established beyond a reasonable doubt. Even the defendant has not denied the authorization which would be difficult to do since he was himself a passenger in the car.

Defendant urges that the statute should be read as if it were written "knowingly authorize or knowingly permit." I cannot subscribe to this interpretation. The Legislature has

only used the word "knowingly" once and it is before "permit" and not before "authorize." To add the word "knowingly" before "authorize" would amount to judicial legislation.

It is clear that the Legislature wants all motor vehicle owners, and those controlling a motor vehicle, to exercise caution in lending their vehicles for the use of others and they must not lend them for driving purposes to unlicensed persons. And the statute would seem to apply whether the owner or controller is or is not a passenger.

Section 4507.33, Revised Code, makes it risky business to lend a vehicle and one does so at his peril if it develops that the driver is not properly licensed. A car owner or person in control of a car has the means of ascertaining the status of the driver's operating rights, and Section 4507.33, Revised Code, imposes a duty upon the owner or controller to do so before lending his vehicle to be driven by another. See *State* v. *Morello* (1959), 169 Ohio St. 213, and also *City of Columbus* v. *Webster* (1960), 170 Ohio St. 327.

Certainly deceit practiced by the borrowing driver should be considered by courts in the imposition of penalties under Section 4507.33, Revised Code. However, I cannot find here any deceit upon the part of the driver, who at the time already had been convicted three times of driving without a license. Defendant either knew this or could easily have discovered it.

*Defendant found guilty as charged.*