CITY OF CINCINNATI, APPELLEE, *v.* CHRISTY, APPELLANT.

[Cite as City of Cincinnati v. Christy, 7 Ohio App. 2d 46.]

(No. 9906—Decided May 2, 1966.)

*Mr. William A. McClain,* city attorney, *Mr. Ralph E. Cors* and *Mr. Joseph H. Johnson,* for appellee.
*Mr. Earl T. Wagner,* for appellant.

LONG, J. Appellant was charged and convicted in the Municipal Court of Cincinnati, Ohio, of unlawfully and knowingly permitting one Ronald D. Ellison, an unlicensed driver, to operate a certain 1965 Mustang Coupe owned by the appellant.

Section 4507.33 of the Revised Code is the section the violation of which is charged in the affidavit. There is no question that Ellison did not have a driver's license. Attention is directed to the word "knowingly" as used in the Code. We have examined the transcript of the evidence and find the following testimony: Appellant testified that, when Ellison asked permission to drive the car:

A. "I says, 'Yeah, you have a license, don't you'? He said, 'Yes,' and I said, 'Be back in fifteen or twenty minutes because I have a date.' "

Q. "You asked him about the driver's license?" A. "Oh yes."

Q. "What did he say?" A. "He said he had one."

On cross-examination by the prosecutor, appellant was asked, and answered:

Q. "Isn't it a fact you told this officer when you were talking to him that you assumed he had a driver's license?" A. "No, sir."

Examination by the court:

Q. "And then Ellison [the driver of the car], he got under the wheel and you told him it was all right to drive?" A. "Yes, sir, after he told me he had a driver's license."

On direct examination of witness Ellison (the driver of the car), he was asked what happened between him and appellant and he said: "And I asked him if I could use his car, and he said, 'Do you have a license?,' and I said, 'Yes.' "

In the opinion of this court this testimony disproves that the appellant *knowingly* permitted an unlicensed person to operate his car.

The judgment is reversed and the appellant discharged.

*Judgment reversed.*

HILDEBRANT, P. J. and HOVER, J., concur.