STATE *v.* CAMPBELL.

(No. 41132—Decided August 2, 1968.)

Findlay Municipal Court.

*Mr. Robert D. Walker*, for the state.
*Mr. Russell E. Rakestraw*, for defendant.

ON RECONSIDERATION

BOPE, J. There is no question that the driver was the girl friend, that her age was 15 years, that she was unlicensed, and there is no doubt in my mind that she took the car with defendant's knowledge and consent. From her size and appearance she could be mistaken for a year or two older. She testified that she was a classmate of defendant's sister, who was sixteen. Defendant admitted that she knew this, that she thought they were the same age, and further thought the girl had a license, although her sister did not have one.

Defendant's contention is that to obtain a conviction the state must prove she knew the driver had no license. I have undertaken to examine the basis for this contention, and I find the following statements of law by the leading text writer in the field, former judge Edward C. Fisher of Lincoln, Nebraska, now of Northwestern University, in his 1961 book entitled "Vehicle Traffic Law":

Page 205: "Intent as such is not ordinarily a necessary element of traffic offenses * * * it is the act itself and not the defendant's state of mind that determines guilt or innocence."

Page 206: "Of course, when intent or guilty knowledge is required as an element of the offense, this must be shown or the crime is not made out. Thus under statutes and ordinances which provide that an act must be *knowingly* done, this becomes an item of indispensable proof. Occasionally such provisions are found. For example the Uniform Vehicle Code provisions relating to permitting operation of automobiles by unlicensed drivers are of this nature:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any persn who is not authorized hereunder or in violation of any of the provisions of this chapter."

"The (New York) Court of Appeals (has) said:

" '(K)nowingly' has been construed as meaning a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom * * * where the word 'knowingly' is used in a criminal statute—as it is here—it is incumbent upon the prosecution, as part of its case, to prove knowledge of facts on the part of the accused sufficient to 'constitute the act or omission of crime,' but not that the accused knew that the act or omission itself was unlawful."

\* \* \*

"* * * 'knowingly' has been determined to place upon the prosecution the burden of establishing circumstances from which knowledge on the owner's part that the driver was not duly licensed could reasonably be inferred."

\* \* \*

"* * * 'knowingly' under the statute in question imports something more than carelessness or lack of inquiry

\* \* \*.

"Since knowledge is a constituent part of the crime under the statute, it must, therefore, be alleged and proved.

"The statute does not require or place upon the owner of a motor vehicle the burden or duty to make inquiry as to whether or not the person authorized or permitted to operate the motor vehicle was duly licensed."* *People* v. *Shapiro* (1958), 4 N. Y. 2d 597, 152 N. E. 2d 65, 69 A. L. R. 2d 973.

From this, Judge Fisher says the prosecution must show knowledge on the part of the owner that his permittee was not licensed to drive an automobile, but not that he knew it was unlawful for him to grant permission. *Actual knowledge* must be shown; it is not sufficient to show that the owner granted permission without inquiry as to the license-status of the permittee, or that he could have known it, or should have known it.

But in Ohio the Cincinnati Municipal Court came to the opposite conclusion in *State* v. *Miller* (1965), 5 Ohio Misc. 122, a case prosecuted under Section 4507.33, Revised Code, which is entitled "Restriction Against Owner Lending Vehicle for Use of Another" and which reads as follows:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or whose act of driving said vehicle would violate Sections 4507.01 to 4507.39, inclusive, Revised Code."

The court held that guilt was sufficiently established by proof that the accused owner *authorized* operation of his car by an unlicensed driver, limited the effect of 'knowingly' to qualifying the word 'permit' which it said was disjunctive, and stated broadly that "A car owner or person in control of a car has the means of ascertaining the status of the driver's operating rights, and Section

---

*Footnote—The New York statute involved in *People* v. *Shapiro* (Vehicle and Traffic Law, Section 20, subdivision 4A) provided:

"* * * nor shall any person knowingly authorize or permit the operation or driving of a motor vehicle owned by him or in his charge * * * by any person who is not duly licensed * * *"

The word 'knowingly' appeared before, and in position to qualify, both 'authorize' and 'permit,' whereas in the two Ohio statutes it appears only before 'permit.' This seems to be the reason for the differing results reached in the two states, only one of which is mentioned in Judge Fisher's text.

4507.33, Revised Code, imposes a duty upon the owner or controller to do so before lending his vehicle to be driven by another." That an owner might be deceived by a borrowing driver was recognized by the court, but dismissed as not appearing in the case before it. However, in *Cincinnati* v. *Christy* (1966), 7 Ohio App. 2d 46, where the evidence showed that the owner was deceived by the borrowing driver into believing he had a license, the Court of Appeals for Hamilton County reversed a conviction under this statute and discharged the accused, the court stating that such testimony *disproved* that the owner *knowingly* permitted an unlicensed person to operate his car.

Now it seems to me that none of the authorities mentioned above is dispositive of the case at bar, mainly because it involves a different statute. Without making an exhaustive search of the legislative history of the act, which I have neither the time nor the facilities to do, I think it obvious from the results that here again the Ohio General Assembly did not adopt verbatim a proposal of the National Committee on Uniform Traffic Laws and Ordinances, but in this instance they split it into two parts and gave us Section 4507.33, Revised Code, discussed above, which is applicable to drivers of all ages, and Section 4507.31, Revised Code, applicable only in cases of juvenile drivers, which is significantly different and is the section under which this case is prosecuted. It reads as follows:

"No person shall *cause or knowingly permit any minor under eighteen to drive a motor vehicle upon a highway as an operator*, unless such minor has first obtained a license or permit to drive a motor vehicle under Sections 4507.01 to 4507.39, inclusive, Revised Code." (Emphasis added.)

What is the gist of this offense? The editors of the Code have given the section this heading, "Prohibition Against Permitting Minor to Operate Vehicle," and while under our practice this appellation does not control the interpretation, I think that in this instance they have hit upon an accurate definition. Manifestly, it is the causing or knowingly permitting a minor under eighteen years of age

(a "juvenile" in Ohio legal parlance) to drive that is forbidden. The further provision, "unless such minor has first obtained a license or permit to drive," constitutes, in my opinion, matter of justification or defense, the burden of presenting which is cast upon the defendant.

I have carefully Shepardized this section, and find only one previously reported case in which it has been judicially noticed, that of *Columbus* v. *Webster* (1960), 170 Ohio St. 327, involving the validity of a Columbus ordinance holding the registered owner of an automobile found illegally parked responsible for the violation. Judge Matthias says, at page 331, "The General Assembly of this state has found it necessary under some conditions to make the owner of an automobile absolutely liable for its illegal use by another person. See Section 4507.31, Revised Code, where it is provided that no person may permit a motor vehicle to be driven upon the highways by a minor unless such minor has been properly licensed to operate a motor vehicle."

Accordingly I hold that in a prosecution under Section 4507.31, Revised Code, the state must prove beyond a reasonable doubt the driving of a motor vehicle upon a highway as an operator by a minor under eighteen who was either (1) caused to do so by the defendant, or (2) permitted to do so by a defendant knowing the driver's age to be under eighteen. It is not necessary for the state to prove also that the defendant knew the driver to be unlicensed. The existence of a valid license is a defense, to be alleged and proved by the defendant, by a preponderance of evidence.

These requirements having been met in the case at bar, the conviction is affirmed, and the court will proceed to pronounce judgment.