12

THE STATE OF OHIO *v.* PUTHOFF.

(No. 84-TR-D-4112—Decided
January 18, 1985.)

Sidney Municipal Court.

*Keith M. Schelle,* assistant prosecuting attorney, for plaintiff.
*William R. Zimmerman,* for defendant.

LUCE, J. The defendant, Jacqueline L. Puthoff, is charged with a violation of R.C. 4507.31 which states as follows:

"No person shall cause or knowingly permit any minor under eighteen to drive a motor vehicle upon a highway as an operator, unless such minor has first obtained a license or permit to drive a motor vehicle under sections 4507.01 to 4507.39, inclusive, of the Ohio Revised Code."

On September 24, 1984, sheriff's deputy Kevin O'Leary was investigating an accident in Shelby County, Ohio. During the course of his investigation he found that the motor vehicle involved in the accident was owned by the defendant and was driven by a minor, Christopher Leis. The defendant was a passenger in the vehicle at the time of the accident.

The evidence also supported the following findings of fact:

(1) The minor, Christopher Leis, did not have a driver's license;
(2) the defendant knew the driver to be a minor;
(3) the minor operated the motor vehicle with the permission and knowledge of the defendant;
(4) the minor told the defendant prior to the accident that he was licensed and could drive; and
(5) the minor never showed the defendant a license nor did the defendant ask to see a license.

At the conclusion of the state's case, the defendant made a motion for acquittal based on the state's failure to prove the essential elements of the case. This motion was renewed at the close of the evidence pursuant to Crim. R. 29.

The issue in this case is whether the state must prove scienter on the part of the defendant.

The court has examined the case of *State* v. *Campbell* (1968), 16 Ohio Misc. 163 [45 O.O.2d 125], and quotes with approval the following statements of law as set forth by former Judge Edward C. Fisher of Lincoln, Nebraska, in his 1961 treatise entitled "Vehicle Traffic Law":

"* * * [I]ntent as such is not ordinarily a necessary element of traffic offenses. * * * [I]t is the act itself and not the defendant's state of mind that determines his guilt or innocence." *Id.* at 205.

"Of course, when intent or guilty knowledge is required as an element of the offense, this must be shown or the crime is not made out. Thus under statutes and ordinances which provide that an act must be *knowingly* done, this becomes an item of indispensable proof. Occasionally such provisions are found. For example the Uniform Vehicle Code provisions relating to permitting operation of automobiles by unlicensed drivers are of this nature:

" 'No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is

not authorized hereunder or in violation of any of the provisions of this chapter.'

"* * * [The New York] Court of Appeals [has] said:

" ' "Knowingly" has been construed as meaning a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom. * * * [W]here the word "knowingly" is used in (a) criminal statute—as it is here—it is incumbent upon the prosecution, as part of its case, to prove knowledge of facts on the part of the accused sufficient to "constitute the act or omission (of) a crime," but not that the accused knew that the act or omission itself was unlawful.'

"* * *

" '* * * "[K]nowingly" has been determined to place upon the prosecution the burden of establishing circumstances from which knowledge on the owner's part that the driver was not duly licensed could reasonably be inferred.

" '* * * "knowingly" under the statute in question imports something more than carelessness or lack of inquiry. * * *

" 'Since knowledge is a constituent part of the crime under the statute, it must, therefore, be alleged and proved.

" 'The statute does not require or place upon the owner of a motor vehicle the burden or duty to make inquiry as to whether or not the person authorized or permitted to operate the motor vehicle was duly licensed.' [*People* v. *Shapiro* (1958), 4 N. Y. 2d 597, 152 N.E. 2d 65]" *Id.* at 206-207.

In *Cincinnati* v. *Christy* (1966), 7 Ohio App. 2d 46 [36 O.O.2d 123], where the evidence showed that the owner was deceived by the borrowing driver into believing that he had a license, the Court of Appeals for Hamilton County reversed a conviction under the statute and discharged the accused, the court stating that such testimony disproved that the owner knowingly permitted an unlicensed person to operate his car.

In the case at bar, the uncontradicted testimony was that the minor told the defendant that he was a licensed driver. There was no evidence that the defendant knew or should have known that the minor was unlicensed.

The court holds that the statute requires that the state prove that the owner (defendant) knowingly permitted an unlicensed person to operate her car. The court finds that the state failed to present sufficient evidence to prove this element. Defendant's motion to acquit is well-taken, and the case is dismissed.

*Case dismissed.*