THE STATE OF OHIO *v.* SETTLES.

(No. C89 TRD 44550—Decided January 24, 1990.)

Hamilton County Municipal Court.

*Michael D. Rudd,* for plaintiff.

*Thomas W. Miller* and *W. Kelly Johnson,* for defendant.

MARK P. PAINTER, J. Defendant James E. Settles has been charged with a violation of R.C. 4507.33, which states as follows: "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or whose act of driving said vehicle would violate sections 4507.01 to 4507.39, inclusive, of the Revised Code."

The facts are not in dispute, and were adduced by the testimony of the state's sole witness, Deputy Ronald Doyle of the Hamilton County Sheriff's Department. At the time of the incident, defendant Settles operated a commercial motorcycle dealership in Hamilton County, Ohio. A customer, Rickett, came to Settles's dealership and asked to test drive a motorcycle. Rickett assured Settles and various other individuals on the lot that he had a valid motorcycle endorsement when in fact he did not. Based upon this misrepresentation, Rickett was allowed to test drive a motorcycle. Rickett operated the motorcycle at a high rate of speed and was stopped by Deputy Doyle, who discovered that Rickett did not have a motorcycle permit. Deputy Doyle returned with Rickett to Settles's dealership where Settles was cited for violation of R.C. 4507.33. At the time Settles was cited, Rickett profusely apologized to Settles for lying to him about the endorsement.

Defendant Settles asserts that the state of Ohio has failed to meet its burden of proof in failing to establish that defendant Settles knowingly allowed Rickett to operate a motor vehicle under disability. Knowledge, the requisite mental state, must be proven beyond a reasonable doubt in order to establish a violation of R.C. 4507.33.

In *Cincinnati* v. *Christy* (1966), 7 Ohio App. 2d 46, 36 O.O. 2d 123, 219 N.E. 2d 45, the court of appeals discussed the term "knowingly" in concluding that an individual does not violate R.C. 4507.33 where the accused did not know the driver was unlicensed. In *Christy,* the individual who operated the vehicle without a license had specifically misrepresented to the defendant that he indeed had a valid license when asked by the defendant. The court concluded that testimony related to the misrepresentation negated any finding that the defendant "*knowingly* permitted an unlicensed person to operate his car." (Emphasis sic.) *Id.* at 47, 36 O.O. 2d at 124, 219 N.E. 2d at 46.

In the most recent case dealing with this issue, *Brook Park* v. *Americargo, Inc.* (1989), 59 Ohio App. 3d 23, 570 N.E. 2d 290, the court of appeals determined that the prosecution must prove beyond a reasonable doubt that a defendant charged with violation of R.C. 4507.33 had knowledge of the inability of an operator to legally operate a motor vehicle. In *Americargo,* a cor-

poration was charged with violation of a municipal ordinance, a verbatim adoption of R.C. 4507.33, when an employee of Americargo operated a vehicle while under suspension. Although the prosecution attempted to draw a distinction between the "authorize" and "permit" language contained in R.C. 4507.33, the court concluded that the discussion amounted to "a distinction without a difference." *Id.* at 25, 570 N.E. 2d at 293. The court also concluded that the culpable mental state of knowledge was applicable to both the "authorize" and "permit" language.

In *Americargo,* the court also reviewed similar language from various jurisdictions in reaching its conclusion that the knowledge requirement applies to both the "authorize" and "permit" language. The court concluded that "[t]he culpable mental state of knowingly must be applied to both the conduct of 'authoriz[ing]' and 'permitt[ing]' in that the net effect of 'authorize' or 'permit' is one and the same." *Id.* at 26, 570 N.E. 2d at 294. In reversing the conviction, the court concluded that it is necessary for the prosecution to prove beyond a reasonable doubt that the defendant had knowledge of the inability of the operator to legally operate a motor vehicle. *Id.*

Courts interpreting R.C. 4507.33 in civil cases have also determined that knowledge of the disability of the operator must be established. In *Gulla* v. *Straus* (1950), 154 Ohio St. 193, 42 O.O. 261, 93 N.E. 2d 662, the court determined that in order for a plaintiff to prevail in an action concerning the violation of this statute, a plaintiff must establish: (1) that the motor vehicle was driven with the permission and authority of the owner; (2) that the entrustee was in fact an incompetent driver; and (3) that the owner knew at the time of the entrustment that the entrustee was incompetent.

The only case cited by the prosecution in support of conviction is *State* v. *Miller* (1965), 5 Ohio Misc. 122, 34 O.O. 2d 183, 211 N.E. 2d 102, which seemed to have engrafted upon R.C. 4507.33 a duty of the owner of a vehicle to ascertain whether or not the prospective operator thereof is duly licensed. However, that case was decided before, and impliedly overruled by, *Christy, supra.* In seeming accord with *Miller* is *State* v. *Campbell* (1968), 16 Ohio Misc. 163, 45 O.O. 2d 125, 241 N.E. 2d 303, which, though recognizing *Christy,* interpreted *Christy* to place upon the defendant the burden of establishing that the operator thereof is in fact licensed.

This court has no doubt that the reasoning elucidated in *Christy, supra,* and in *Americargo, supra,* embodies the proper interpretation of R.C. 4507.33. All sections of the Revised Code defining offenses are to be strictly construed against the state, R.C. 2901.04(A). We hold that in accordance with *Americargo, supra,* the prosecution must prove beyond a reasonable doubt that a defendant charged with the violation R.C. 4507.33 had knowledge of the inability of an operator to legally operate a motor vehicle.

In the case at bar, the state has produced no evidence to establish that defendant Settles knew, at the time of the entrustment of the motorcycle to Rickett, that Rickett did not have a valid motorcycle endorsement. In fact, the only evidence presented by Deputy Doyle concerning knowledge was his testimony that Rickett apologized to Settles for misrepresenting that he had a valid endorsement.

Thus, the prosecution having failed to present any evidence of the requisite mental state of "knowingly" which is an essential element of R.C. 4507.33, the defendant must be acquitted.

*Judgment accordingly.*