JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Joseph Vince pro se appeals from his conviction on one count of operating a vehicle containing solid waste without a permit in violation of Cleveland Codified Ordinances 551.19 and operating a vehicle containing solid waste without securing the load with a tarpaulin in violation of Cleveland Codified Ordinances 551.18. His sole argument on appeal is that he *Page 3 
did not need to have a permit to haul solid waste because he was not in "business" as defined by the city's ordinances.
 {¶ 2} Cleveland Codified Ordinances 551.19(a) is entitled "Licensing of Private Vehicles for Hauling Waste" and states that "[n] o person shall engage in the business of collecting, transporting, carrying or hauling solid waste in the City unless such vehicle so engaged is licensed and displays the appropriate sign plate issued by the City."
 {¶ 3} The term "solid waste" is defined in Cleveland Codified Ordinances 551.01(c) as:
 {¶ 4} "* * * such unwanted residual solid or semisolid material as results from industrial, commercial, agricultural, household, community and private operations, excluding earth material from construction, mining, demolition operations, and slag. Such material shall be deemed to include, but not be limited to, garbage, rubbish (both combustible and noncombustible), street dirt, debris, ashes, any discarded matter to be removed from public and private properties and other like substances which may be harmful or inimical to public health, as well as other items determined to be solid waste by the Director of Public Service."[1] *Page 4 
 {¶ 5} The term "business" is undefined in the city's ordinances. For tax purposes, R.C. 5701.08(E) defines "business" to include "all enterprises, except agriculture, conducted for gain, profit, or income and extends to personal service occupations." This definition comports with the common understanding of the term "business" as a trade or occupation engaged in for profit. Because the term is undefined by the city's ordinances, we give it its common meaning. See State v. S.R.
(1992), 63 Ohio St.3d 590, 595.
 {¶ 6} The city failed to introduce evidence to show that appellant engaged in the "business" of hauling solid waste. The facts, viewed in a light most favorable to the city, show that the officer who issued the two citations at issue testified that he observed a small pickup truck driven by appellant operating within the city. The officer saw that "the back of the truck was loaded down with different scrap metal items" and that he did not see a scrap hauling permit in the window of the truck.[2] The "scrap metal items" were described as *Page 5 
"miscellaneous scrap metal parts and a gas tank and an auto part in the rear
 {¶ 7} At no point in the trial did the city offer evidence to show that appellant had been engaged in the business of hauling solid waste. This omission is important because Cleveland Codified Ordinances 551.19(a) applies only to those persons who engage in the business of hauling scrap. If we were to interpret the ordinance otherwise, it would mean that any person, regardless of profit motive, hauling material that fell within the city's expansive definition of solid waste would be required to obtain a permit before moving that material. That would be an untenable conclusion. The law plainly applies only to those engaged in the business of hauling solid waste, not to persons who merely transport waste in a non-business setting. Hence, being in the business of hauling solid waste is an essential element of the offense. The city failed to produce evidence on this essential element.
 {¶ 8} We recognize that after the court issued its judgment of conviction and just prior to sentencing, appellant stated, "[s] o I mean I am in the trucking business." This statement was made in light of appellant's protestations that he had merely been hauling parts from one yard to another yard and that he had never before been required to have a permit to do so.
 {¶ 9} We cannot construe the statement about being in the "trucking business" as evidence. The court found appellant guilty before appellant made *Page 6 
that statement. Statements made during sentencing cannot be used as substantive evidence of guilt. See State v. Lovelace, Stark App. No. 2002CA260, 2003-Ohio-732, ¶ 11, fn.1; State v. Thomas (Nov. 19, 1997), Lorain App. No. 96CA006504, fn.3. We can only review the evidence adduced during the guilt phase of the trial.
 {¶ 10} Having found that the state produced no evidence to establish whether appellant had been in the business of hauling solid waste, we must find that there was insufficient evidence to support the conviction under Cleveland Codified Ordinances 551.19(a).[3]
Judgment affirmed in part and reversed in part.
It is ordered that the parties bear their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] The city differentiates between "solid waste," "garbage" and "industrial waste." "Garbage" is defined as "all putrescible wastes, including, but not limited to, vegetable matter, animal offal, carcasses of dead animals and the like, excluding recognized industrial by-products." See Cleveland Codified Ordinances 551.01(a). "Industrial waste" is defined as "rubbish and processing wastes associated with mechanical or chemical transformation of inorganic or organic substances into new products or from assembling component parts." See Cleveland Codified Ordinances 551.01(b).
[2] All vehicles licensed to haul solid waste must display a sign plate of metal or plastic composition not less than six inches wide and eight inches long, on which shall be inscribed "Private Waste Hauler Permit, Cleveland, Ohio, No. _______," indicating in the blank space the number of the permit and the year in effect. See Cleveland Codified Ordinances 551.19(d).
[3] Appellant raises no argument relating to the validity of his conviction under Cleveland Codified Ordinances 551.18, so that conviction remains. *Page 1