JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, Otis Elkins ("defendant"), appeals from his convictions of hauling scrap in a motor vehicle without a permit in violation of Cleveland Codified Ordinance 551.19 ("CCO § 551.19") and wrongful entrustment of a motor vehicle in violation of R.C. 4511.203. For the following reasons, we reverse.
 {¶ 3} A review of the record reveals the following: Defendant is the owner of a small business engaged in the business of home remodeling and repair. On the morning of November 7, 2007, defendant and his employee, Eric Butler ("Butler"), were headed to a job site, each in a separate vehicle, when Butler was pulled over by Cleveland Police Officer Andrew Gasiewski ("Officer Gasiewski") for a traffic offense. Butler was driving the defendant's pick-up truck at the time of the stop. A check of Butler's license revealed that he had a suspended driver's license. Officer Gasiewski also observed debris, gutters, and siding parts in the back of the pick-up truck.
 {¶ 4} The defendant approached Officer Gasiewski and told him that he was the owner of the pick-up truck. Officer Gasiewski asked defendant if he had a permit for the debris in the truck. After the defendant told Officer Gasiewski that he did not have a permit, Officer Gasiewski issued two citations for hauling debris without a permit in violation of Cleveland Codified Ordinance 551.19 and unlawful entrustment in violation of R.C. 4511.203. *Page 4 
 {¶ 5} Defendant pleaded not guilty and the matter proceeded to a bench trial on April 2, 2008. At the bench trial, the City offered the testimony of Officer Gasiewski, who testified that after he stopped Butler for the traffic offense, defendant came to the site and took full responsibility for the contents of the pick-up truck and admitted that he did not have a scrap permit from the City of Cleveland. Officer Gasiewski also testified that defendant took responsibility for the driver's actions, since it was his truck. On cross-examination, Officer Gasiewski conceded that the defendant did not admit that he knew that Butler had a suspended driver's license.
 {¶ 6} After the trial court denied his motion for acquittal, defendant testified on his own behalf. Defendant testified that Butler worked for him for approximately six months. He testified that Butler always drove his own car to work and that he had no knowledge, nor any reason to suspect, that Butler was driving under suspension. Defendant also testified that he is in the business of aluminum and vinyl siding, windows, gutters, and roofing. He testified that he does not haul or transport debris, scrap, or solid waste for pay and that any transportation of solid waste was incidental to his business of siding and fixing windows. On cross-examination, defendant testified that he gets dumpsters for the debris at his work sites, but admitted that if there were small scraps he would put them in the back of his pick-up truck.
 {¶ 7} At the close of the testimony, defendant was found guilty of both counts and fined $1,000. It is from this judgment that defendant now appeals and raises three assignments of error for our review, which we shall address together. *Page 5 
 {¶ 8} "I. The trial court erred in overruling defendant's motion to dismiss as to each case since the City failed to prove essential elements required to sustain a conviction in either case.
 {¶ 9} "II. The trial court erred in finding the defendant guilty of a violation of Cleveland Municipal Code 551.19 as defendant's business was not included in the activities covered by Code Section 551.19.
 {¶ 10} "III. The trial court erred in finding defendant guilty of violating O.R.C. § 4511.203, wrongful entrustment, as the City failed to offer any evidence upon which a guilty finding could be founded."
 {¶ 11} In these assignments of error, defendant argues that there is insufficient evidence to support his convictions for hauling without a permit under CCO § 551.19 and wrongful entrustment under R.C. 4511.203.
 {¶ 12} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259.
A. CCO § 551.19 — Hauling without a Permit
 {¶ 13} Here, defendant was charged with one count of violating CCO § 551.19, which provides in pertinent part: *Page 6 
 {¶ 14} "(a) No person shall engage in the business of collecting, transporting, carrying or hauling solid waste in the City unless such vehicle so engaged is licensed and displays the appropriate sign plate issued by the City."
 {¶ 15} The term "solid waste" is defined in CCO § 551.01 as:
 {¶ 16} "(c) * ** such unwanted residual solid or semisolid material as results from industrial, commercial, agricultural, household, community and private operations, excluding earth material from construction, mining, demolition operations, and slag. Such material shall be deemed to include, but not be limited to, garbage, rubbish (both combustible and noncombustible), street dirt, debris, ashes, any discarded matter to be removed from public and private properties and other like substances which may be harmful or inimical to public health, as well as other items determined to be solid waste by the Director of Public Service."
 {¶ 17} The term "business" is not defined in the City of Cleveland's ordinances. For tax purposes, R.C. 5701.08(E) defines "business" to include "all enterprises, except agriculture, conducted for gain, profit, or income and extends to personal service occupations." This definition comports with the common understanding of the term "business" as a trade or occupation engaged in for profit. Because the term is undefined by the City's ordinances, we give it its common meaning. SeeCity of Cleveland v. Vince, Cuyahoga App. No. 88862, 2007-Ohio-5438, citing State v. S.R. (1992), 63 Ohio St.3d 590, 595.
 {¶ 18} This case, in essence, revolves around the meaning of the phrase "in the business of." The City claims that defendant transports waste as "part" of his *Page 7 
business. Defendant claims that he is not in the "business" of transporting or hauling debris, but is in the business of home remodeling. He claims that any debris hauling is strictly incidental to his primary business and he does not make a profit from it.
 {¶ 19} When the language of an ordinance is unambiguous, the trial court must apply the plain and ordinary meaning of the words. RoxaneLaboratories, Inc. v. Tracy, 75 Ohio St.3d 125, 127, 1996-Ohio-257. Unambiguous language does not require court interpretation or application of the rules of statutory construction. 4522 Kenny Rd.,L.L.C. v. City of Columbus Bd. of Zoning Adjustment,152 Ohio App.3d 526, 2003-Ohio-1891. Instead, the "court must only read and follow the words of the ordinance." Id.
 {¶ 20} Here, we find that the plain and ordinary language of CCO § 551.19 requires an individual to be engaged in the "business" of hauling solid waste for profit.
 {¶ 21} Here, the City failed to introduce evidence that defendant engaged in the "business" of hauling debris for profit. The evidence, when viewed in a light most favorable to the City, shows that Officer Gasiewski observed scraps in the back of defendant's pick-up truck and that the defendant admitted he did not have a permit for hauling scrap. Although defendant took "responsibility" for the vehicle, he did not tell Officer Gasiewski that he was in the business of hauling waste. Rather, he told Officer Gasiewski that he had a home remodeling business. At trial, defendant testified to the same and stated that he did not haul or transport debris except in situations where the waste was small enough to put in the back of this truck and too *Page 8 
small to hire a dumpster. He testified that he did not advertise or take any business as a hauler or transporter of debris. He specifically testified that any hauling he did was incidental to whatever remodeling work was being done.
 {¶ 22} Viewing the evidence in a light most favorable to the City, we find that the City failed to offer any evidence that defendant had been engaged in the business of hauling solid waste. Although defendant admittedly transported small bits of debris on occasion, it was incidental to his business of home remodeling and was not done for profit. This fact is important because CCO § 551.19(a) applies only to those persons who engage in the business of hauling scrap. Contrary to the City's assertion that hauling scrap is "part" of the defendant's business, we find that the clear language of CCO § 551.19 applies to those businesses whose primary trade or occupation is the transportation of scrap and debris for profit.
 {¶ 23} Accordingly, we find that there was insufficient evidence to support defendant's conviction for hauling solid waste under CCO § 551.19(a).
B. R.C. 4511.203 — Wrongful Entrustment
 {¶ 24} Here, defendant was charged with one count of violating R.C. 4511.203, which provides in pertinent part:
 {¶ 25} "(A) No person shall permit a motor vehicle owned by the person or under the person's control to be driven by another if any of the following apply:
 {¶ 26} "(1) The offender knows or has reasonable cause to believe that the other person does not have a valid driver's or commercial driver's license or permit or valid nonresident driving privileges. *Page 9 
 {¶ 27} "(2) The offender knows or has reasonable cause to believe that the other person's driver's or commercial driver's license or permit or nonresident operating privileges have been suspended or canceled under Chapter 4510. or any other provision of the Revised Code."
 {¶ 28} Thus, in order to prove a violation of R.C. 4511.203, the City must prove that (1) defendant owned the pick-up, (2) permitted Butler to drive the pick-up, (3) with actual knowledge or reasonable cause to know, (4) that Butler's license was suspended.
 {¶ 29} The City's burden under R.C. 4511.203 is to prove, beyond a reasonable doubt, that the defendant either knew or had reasonable cause to know that Butler had no legal right to drive the vehicle. "Knowingly" has been determined to place upon the prosecution the burden of establishing circumstances from which knowledge on the owner's part that the driver was not duly licensed could reasonably be inferred. State v.Puthoff (1985), 18 Ohio Misc.2d 12. "Knowingly" imports something more than carelessness or lack of inquiry. Id.
 {¶ 30} Since knowledge is a constituent part of the crime under the statute, it must be alleged and proved. Moreover, while it might be prudent, there is no affirmative duty under R.C. 4511.203 for the owner of a vehicle to ascertain the status of the driver's operating rights before lending his vehicle to be driven by another.
 {¶ 31} Here, it is undisputed that Butler was an employee of the defendant and was operating a company owned vehicle with the defendant's permission. However, *Page 10 
as previously stated, mere ownership of the vehicle does not constitute a violation of the statute. Our review of the record shows that the City failed to introduce any evidence that defendant had any actual or constructive knowledge that Butler had no legal right to be driving a vehicle. Defendant testified that he does not live with Butler, that Butler drove his own car to work everyday, and thus defendant had no reason to suspect that Butler had a suspended license.
 {¶ 32} Accordingly, we find that there was insufficient evidence to support defendant's conviction for wrongful entrustment under R.C. 4511.203.
 {¶ 33} The three assignments of error are sustained.
Judgment reversed.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and CHRISTINE T. McMONAGLE, J., CONCUR
 *Page 1