**The STATE of Ohio, Appellee,**

**v.**

**TITE, Appellant.**

[Cite as *State v. Tite*, 195 Ohio App.3d 352, 2011-Ohio-5047.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–10–022.

Decided Sept. 30, 2011.

Randal L. Strickler, Village of Wakeman Law Director, for appellee.

Reese M. Wineman, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from a September 17, 2010 judgment of the Norwalk Municipal Court that found appellant, Robert M. Tite, guilty of wrongful entrustment of a motor vehicle, a violation of R.C. 4511.203(A). The conviction is under a prior version of the statute that went into effect on September 30, 2008. Under former R.C. 4511.203(C), the offense is a first-degree misdemeanor. The conviction was pursuant to a jury verdict.

{¶ 2} Appellant asserts one assignment of error on appeal:

{¶ 3} "Assignment of Error

{¶ 4} "The state failed to provide sufficient evidence of the essential element of 'knowingly' allowing the individual operating the motor vehicle in this case, and the resultant jury verdict, finding the defendant guilty, was against the manifest weight of the evidence concerning that specific element of the charge. The trial court erred in failing to grant the defendant's Criminal Rule 29 motion based upon the insufficiency of the evidence presented on the element of 'knowingly.'"

{¶ 5} The incident on which appellant's prosecution was based occurred on July 11, 2010, when appellant was a passenger in his own Chevy Silverado pickup truck driven by his son, Anthony Tite. Officer Briana Keegan, a patrol officer of the Wakeman Police Department, testified at trial that she followed appellant's pickup truck after a citizen's complaint that the vehicle was being driven erratically. As she followed, the officer saw the pickup cross back and forth over the center line of the roadway a few times.

{¶ 6} Keegan attempted to initiate a traffic stop, activating her emergency lights and siren while following immediately behind the vehicle. Anthony did not comply. He drove the vehicle for a couple of miles until he reached appellant's residence and stopped the vehicle behind appellant's house in a heavily wooded area, near the edge of a cornfield.

{¶ 7} Once the vehicle stopped, Keegan ordered the occupants to exit the vehicle. Appellant promptly exited the vehicle from the passenger side. Anthony did not exit the vehicle, but backed the pickup into Keegan's patrol car and drove away through a cornfield.

{¶ 8} Multiple charges were brought against the appellant arising from the incident and appellant's actions afterwards. At trial, the trial court granted a Crim.R. 29 motion and acquitted appellant of a menacing charge. The jury returned not-guilty verdicts on other charges of persistent disorderly conduct and

resisting arrest. This appeal concerns appellant's lone conviction for wrongful entrustment of a motor vehicle.

{¶ 9} The prosecution for wrongful entrustment of a motor vehicle proceeded under a citation issued by Keegan to appellant for violation of R.C. 4511.203(A)(2). The statute provides:

{¶ 10} "4511.203 Wrongful entrustment of a motor vehicle

{¶ 11} "(A) No person shall permit a motor vehicle owned by the person or under the person's control to be driven by another if any of the following apply:

{¶ 12} " * * *

{¶ 13} "(2) The offender knows or has reasonable cause to believe that the other person's driver's or commercial driver's license or permit or nonresident operating privileges have been suspended or canceled under Chapter 4510. or any other provision of the Revised Code."

{¶ 14} In order to establish a violation of R.C. 4511.203(A)(2), the state must prove that (1) appellant owned or controlled the pickup, (2) appellant permitted his son to drive the vehicle, and (3) appellant had actual knowledge or reasonable cause to know that his son's license was suspended. *State v. Al Hanandeh*, 2d Dist. No. 22976, 2009-Ohio-5613, 2009 WL 3402376, ¶ 49; *Cleveland v. Elkins*, 8th Dist. No. 91378, 2008-Ohio-6288, 2008 WL 5096927, ¶ 28.

{¶ 15} Appellant argues that the trial court erred in failing to grant his Crim.R. 29 motion for acquittal at trial based upon the insufficiency of the evidence to establish that appellant had actual knowledge or reasonable cause to know that his son's license was suspended.

{¶ 16} A challenge to a conviction based upon a claim of insufficiency of the evidence presents a question of law on whether the evidence at trial is legally adequate to support a jury verdict on all elements of a crime. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. An appellate court does not weigh credibility when reviewing the sufficiency of evidence to support a verdict. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. A reviewing court considers whether the evidence at trial "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.

{¶ 17} The only witness at trial was Officer Keegan. Keegan testified that once the pickup stopped, she saw that the driver was Anthony Tite. She knew

him. She determined that appellant was the owner of the vehicle through a computer check using the Ohio LEADS computerized information system.

{¶ 18} Keegan testified that she knew that Anthony's operator's license was under suspension at the time of the incident. The officer testified that she concluded that appellant had knowledge that Anthony's license was suspended because Anthony was appellant's son. Keegan admitted on cross-examination at trial that she had no personal knowledge of whether appellant knew that his son's license was under suspension. Later, Keegan also testified that Anthony and appellant worked closely together, but that Anthony did not live with his father.

{¶ 19} Proof of a parent-child relationship alone is insufficient to create a presumption of a parent's knowledge that their child's driving privileges were under suspension for purposes of establishing a violation of R.C. 4511.203(A)(2). Under R.C. 4511.203(B)(1), to create a prima-facie case that a vehicle owner knows or has reasonable cause to believe that the operator of his vehicle is operating the vehicle while the operator's driving privileges have been suspended requires a showing both that (1) the operator resided in the same household as the owner and (2) the operator is related to the owner by consanguinity or affinity. Here it is undisputed that Anthony did not live with appellant.

{¶ 20} Creation of a prima-facie showing of knowledge under R.C. 4511.201(B)(2) based upon the owner's knowledge of charges against or convictions of an operator that would or could result in suspension or cancellation of driving privileges also requires proof that the operator resided with the vehicle owner.

{¶ 21} While Officer Keegan testified that appellant and his son worked closely together, her testimony did not provide any detail to support an inference that their contacts provided appellant with actual or constructive knowledge that Anthony's driving privileges were under suspension on July 11, 2010. Viewing the evidence in the record in a light most favorable to the prosecution, we conclude that no trier of fact could have found that appellant knew or had reason to know that Anthony's driving privileges were under suspension when Anthony operated appellant's pickup on July 11, 2010. Because such knowledge is a necessary element for a conviction of wrongful entrustment of a motor vehicle under R.C. 4511.203(A)(2), we conclude that the trial court erred in failing to grant appellant's Crim.R. 29 motion for acquittal on the basis of insufficiency of the evidence to support a conviction.

{¶ 22} In view of our determination of error based upon insufficiency of the evidence, it is unnecessary for the court to consider appellant's arguments as to whether the guilty verdict is against the manifest weight of the evidence, because the issue is moot. See App.R. 12(A)(1)(c).

{¶ 23} We find that appellant's assignment of error is well taken. Accordingly, the judgment of the Norwalk Municipal Court is reversed, and appellant's conviction is vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

HANDWORK and SINGER, JJ., concur.