

**FILED**
**MAY 4, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37528-5-III |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MELINDA ANN ELWELL, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, J. — This is a statutory construction case. Melinda Elwell was convicted of allowing an unauthorized person to drive her vehicle under RCW 46.16A.520. The statute provides that "It is unlawful for any person in whose name a vehicle is registered knowingly to permit another person to drive the vehicle when the other person is not authorized to do so under the laws of this state." At trial, the district court judge held that the State need only prove that Ms. Elwell knowingly permitted another to drive but did not need to prove that she knew the person was unauthorized to drive. On direct appeal, the superior court reversed, holding that the adverb "knowingly" applies to the entire phrase and requires the State to prove that Ms. Elwell knew the person driving her vehicle was not authorized to drive. The State was granted discretionary review and asked this court to reverse the superior court. As a matter of first impression, we agree

with the superior court and read the statute to require a mens rea component to each element of the crime.

## FACTS

On October 17, 2018, a Washington State Patrol trooper stopped a vehicle for excessively tinted windows. The driver produced a Washington State Identification Card, and the trooper confirmed through the Department of Licensing (DOL) that her driving privilege was suspended. The passenger, Melinda A. Elwell, explained that she was the vehicle's registered owner, and her friend was driving her to an emergency operation on the west side of the state. When asked by the trooper why she had let someone with a suspended license drive her car Ms. Elwell did not respond.

A check with DOL confirmed that Ms. Elwell had a valid license and that the vehicle was registered to her. Ms. Elwell was cited for "Allowing an Unauthorized Person to Drive" under RCW 46.16A.520. The driver was cited for driving while license suspended in the third degree. Ms. Elwell drove the vehicle from the scene.

Ms. Elwell took her case to trial and submitted a to-convict jury instruction that mirrored the language of the statute. The State proposed a to-convict jury instruction that limited the mens rea to the first element of the crime, i.e., "knowingly permitted another person to drive a vehicle," but did not require the State to prove Ms. Elwell knew the driver was not authorized to drive. The district court accepted the State's jury instruction. Following the rejection of her own jury instruction, Ms. Elwell waived the jury trial and

2

proceeded with a stipulated bench trial. The judge found her guilty, and Ms. Elwell filed

her appeal to superior court.

The superior court reversed the conviction, holding that RCW 46.16A.520 was

ambiguous. Applying the rule of lenity, the superior court held that "knowingly" applies

to the statute's entire phrase.

ANALYSIS

We review issues of statutory interpretation de novo. *State v. Pratt*, 196 Wn.2d

849, 852, 479 P.3d 680 (2021). "Our primary duty in statutory interpretation is to

ascertain and carry out the legislature's intent." *Id*. at 853. In determining legislative

intent, the first step is to determine if the statute is ambiguous. A statute is ambiguous if

there is more than one reasonable interpretation. *State v. Evans*, 177 Wn.2d 186, 192-93,

298 P.3d 724 (2013). Only if it is ambiguous will we consider legislative history and

policies to interpret a statute. *Id*. at 193.

> In sum, our interpretation of a penal statute will be either the only
> reasonable interpretation of the plain language or, if there is no single
> reasonable interpretation of the plain language, then whichever
> interpretation is clearly established by statutory construction or, if there is
> no such clearly established interpretation, then whichever reasonable and
> justifiable interpretation is most favorable to the defendant.

*Id*. at 193-94.

In this case, the criminal statute reads: "It is unlawful for any person in whose

name a vehicle is registered knowingly to permit another person to drive the vehicle

when the other person is not authorized to do so under the laws of this state."  RCW

46.16A.520.  The issue is whether the adverb "knowingly" modifies all of the elements in

the statute including the clause "when the other person is not authorized to do so."

In determining whether this statute is ambiguous, we consider context.  *Pratt*, 196

Wn.2d at 853.  A contextual analysis includes reading the statute as a whole, applying

grammatical conventions, and giving meaning to each word.  "Legislative definitions

included in the statute are controlling, but in the absence of a statutory definition this

court will give the term its plain and ordinary meaning ascertained from a standard

dictionary."  *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

Looking first to the statute's language, we consider the meaning of the words

used.  The adverb "knowingly" is specifically defined by statute and includes awareness

of facts described by a statute defining an offense.  RCW 9A.08.010(1)(b).[1]  The verb "to

permit" is a non-technical term not otherwise defined within the chapter, so we apply the

ordinary meaning from a standard English dictionary.  *State v. Barnes*, 189 Wn.2d 492,

496, 403 P.3d 72 (2017).  "To permit" is a transitive verb; it requires an object to express

a complete thought.  The verb means "to consent to expressly or formally."  WEBSTER'S

---

[1] "KNOWLEDGE. A person knows or acts knowingly or with knowledge when: (i) He or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or (ii) He or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

No. 37528-5-III
*State v. Elwell*

THIRD NEW INTERNATIONAL DICTIONARY 1683 (1993). "In ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Flores-Figueroa v. United States*, 556 U.S. 646, 650, 129 S. Ct. 1886, 173 L. Ed. 2d 853 (2009).

In this case, when knowingly modifies how the subject performed the entire action, it necessarily includes the last part of the phrase "when the other person is not authorized to do so." Thus, a plain reading of the statute requires the State to prove a defendant knew the driver was not authorized to drive.

In addition to traditional definitions and grammatical rules, the phrase "knowingly permit" has also developed a common law definition. While somewhat unartful, the term is commonly used in statutory language.[2] Although there is no case law interpreting this particular statute, there is significant case law interpreting this phrase or similar phrases. These cases overwhelming hold that the phrase "knowingly permit" requires proof that

---

[2] *See* Uniform Commercial Driver's License Act, RCW 46.25.040(2): "No employer may knowingly allow, permit, or authorize a driver to drive a commercial motor vehicle during any period: (a) in which the driver has a driver's license suspended, revoked, or canceled by a state, has lost the privilege to drive a commercial motor vehicle in a state, or has been disqualified from driving a commercial motor vehicle."

the subject knew of the illegal activity, not just the circumstances that could lead to illegal activity.[3]

Viewing a statute in context also requires that we give meaning to each word and assume that the legislature does not include superfluous language. *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005); *State v. Dennis*, 191 Wn.2d 169, 173, 421 P.3d 944 (2018). In this case, the superior court correctly noted that reading the statute as the State suggests—so that "knowingly" only modifies "to permit"—would render "knowingly" superfluous because the verb "to permit" already entails knowledge. Washington cases considering the verb "permit" in criminal statutes have interpreted the verb to include an element of knowledge. *See, e.g.*, *Boyce v. Adams*, 87 Wn.2d 56, 57, 549 P.2d 18 (1976) ("Permit" does not require affirmative action, but refers to actual or constructive knowledge of circumstances that would foreseeably lead to the prohibited activity). Thus, when a person "permits" another to drive a vehicle, the person expressly consents to allow the other person to drive the vehicle. Construing "knowingly" to modify the entire phrase gives meaning to the adverb.

---

[3] *See Oscar's, Inc. v. Wash. State Liquor Control Bd.*, 101 Wn. App. 498, 506-07, 3 P.3d 813, 818 (2000) ("knowingly permit" requires a showing that the person was aware of the illegal activity); *Young v. U-Haul Co. of D.C.*, 11 A.3d 247, 250-51 (D.C. 2011) (ordinance prohibiting owner from authorizing or knowingly permitting vehicle from being driven by unauthorized person requires showing that company knew license had been suspended); *People v. Shapiro*, 4 N.Y.2d 597, 152 N.E.2d 65, 68, 176 N.Y.S.2d 632 (1958) (statute prohibiting owner from knowingly authorizing or permitting operation of vehicle by unlicensed driver requires proof that owner knew driver was not licensed).

We hold that a plain reading of RCW 46.16A.520 requires the State to prove that the defendant knew the driver was not authorized to drive. But even if we were to conclude that the statute is ambiguous, as the State argues, then policy considerations and case law precedent would also support a construction that requires "knowingly" to be applied to the entire phrase.

If a statute is susceptible to more than one reasonable interpretation, it is considered ambiguous. *Watson*, 146 Wn.2d at 954-55. If, and only if, a statute is ambiguous, will the courts consider relevant case law, legislative history, and policy considerations to discern legislative intent. *Pratt*, 196 Wn.2d at 853. While there are no cases interpreting this particular statute, there are numerous cases interpreting other criminal statutes where "knowingly" is placed at the beginning of a phrase defining criminal conduct. In *Flores-Figueroa*, the Court held that the federal identity theft statute—which punishes "any person . . . who 'knowingly . . . uses . . . a means of identification of another person'"—naturally requires the Government to prove that the defendant knew that the identity being used actually belonged to another person. 556 U.S. at 648.

*Flores-Figueroa* has been followed by courts in Washington. In *State v. Felipe Zeferino-Lopez*, the court addressed the mens rea required for Washington's second degree identity theft statute. 179 Wn. App. 592, 596, 319 P.3d 94 (2014). The statute reads: "No person may knowingly obtain, possess, use, or transfer a means of

7

identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime." RCW 9.35.020(1). The court rejected the State's argument that "knowingly" did not apply to "of another person." Citing *Flores-Figueroa*, the court held "that the element of knowledge in second degree identity theft does not refer only to the defendant's knowledge that he is using or possessing a means of identification or financial information. It also refers to his knowledge that it was 'a means of identification or financial information of another person, living or dead.'" *Felipe Zeferino-Lopez*, 179 Wn. App. at 599.[4]

In this case, the State argues that the statute is ambiguous and legislative history supports its restrictive reading of the statute. In 1987, the Washington State Legislature re-codified and amended a variety of statutes relating to driving without a license. LAWS OF 1987, ch. 388. Before 1987, the wording of the statute that was eventually codified as RCW 46.16A.520 read "[i]t is unlawful for any person in whose name a vehicle is registered *knowingly* to *allow* another person to drive the vehicle *knowing* that the other person is not authorized to do so under the laws of this state." (Emphasis added) LAWS

---

[4] *See also State v. Killingsworth*, 166 Wn. App. 283, 289, 269 P.3d 1064 (2012) (the most natural reading of a to-convict jury instruction requiring a jury to find that the "defendant knowingly trafficked in stolen property," is that "knowingly" modifies both "trafficked" and "stolen property."); *State v. J.M.*, 144 Wn.2d 472, 476, 28 P.3d 720 (2001) (under felony harassment statute, which requires "knowingly threatens to cause bodily injury immediately or in the future to the person threatened or to any other person," "knowingly" modifies "threatened", "and thus relates to each part of the applicable definition of 'threat.'").

OF 1987, ch. 388, sec 9(5). The statute was modified to change "allow" to "permit," and change "knowing" to the conjunctive verb "when." LAWS OF 1987 ch. 388 sec. 10. The State argues that by removing the second "knowing" from the statute, the legislature signaled its intent to alter the mens rea element.

While the State's position is possible, the amendment does not "clearly establish" this legislative intent sufficient to overcome the rule of lenity. *Evans*, 177 Wn.2d at 194. "If a penal statute is ambiguous and thus subject to statutory construction, it will be 'strictly construed' in favor of the defendant." *Id*. at 193. Legislative history that suggests an interpretation adverse to a defendant must clearly establish such an intent. *Id*. "Otherwise, if the indications of legislative intent are 'insufficient to clarify the ambiguity,' we will then interpret the statute in favor of the defendant." *Id*. (quoting *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 250 & n.4, 252–53, 955 P.2d 798 (1998)).

Finally, in construing the necessary mens rea element for this statute, we are also guided by constitutional concerns. When considering the mens rea element of a crime, we should avoid a statutory reading that would criminalize a broad range of innocent conduct. *See State v. Blake*, 197 Wn.2d 170, 481 P.3d 521, 531 (2021). The State's interpretation of the statute would criminalize a substantial amount of innocent conduct. Not only would this include lending vehicles to friends and family members, but would naturally encompass rental car companies and businesses that employ drivers. Anyone

9

who lends a vehicle to someone who—it turns out—is unauthorized to drive in Washington would be subject to criminal charges.[5]

We hold that RCW 46.16A.520 requires the State to prove the defendant knew the driver of the defendant's vehicle was unauthorized to drive in the State of Washington. Thus, we affirm the superior court and remand for a new trial.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, A.C.J.

---

[5] At oral argument, the State suggested that persons lending a vehicle could protect themselves by going to the Department of Licensing website and inputting the driver's license number and birthdate to verify the driver's licensing status. This solution has numerous problems. It assumes access to the internet at the time of lending; it assumes a lender must check each time (or each day?) that they lend a vehicle; and it assumes that the DOL website would provide the driving status of a driver with an out-of-state license.