IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 83730-3-I |
| Respondent, | DIVISION ONE |
| v. | |
| THOMAS A. CORONELL, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, A.C.J. — Thomas Coronell was sentenced to a five-year drug offender sentencing alternative program, the statutory maximum sentence. After he had given notice of appeal, the trial court amended his sentence so that he would serve an "additional" 12 months in community custody if he failed the program. In another postsentencing order, the trial court rescinded its decision to extend Coronell credit for time served presentencing at the King County Community Center for Alternative Programs, which offers a variety of services and classes in lieu of detention. Coronell appeals, challenging both these postsentencing orders. We reverse in part because the trial court exceeded its authority when it imposed the additional 12 months.

FACTS

Coronell was charged with domestic violence felony violation of a court order and resisting arrest. A jury found him guilty of the first offense but acquitted him of the second. He was sentenced to a prison-based drug offender sentencing alternative (DOSA) program. This sentence required 30 months

Citations and pin cites are based on the Westlaw online version of the cited material.

spent in prison followed by 30 months in community custody. As a condition of his community custody, Coronell was ordered to attend certain classes and adhere to certain restrictions. Specifically, he was ordered to complete a substance use disorder treatment program and a domestic violence treatment program, and to refrain from use of illegal controlled substances and alcohol and submit to drug testing. Failure to comply would result in his return to prison for the remainder of his sentence.

The trial court gave Coronell about nine months credit toward his sentence for the time he spent in King County Jail before his release on his own recognizance. It also credited him for the 57 days he spent participating in the King County Community Center for Alternative Programs (CCAP) after his release from jail. CCAP provides a variety of classes and programs—including drug and alcohol treatment, domestic violence education, and mental health services. It requires that defendants report to its facility every weekday at 9:00 a.m. and remain until discharged by staff. Defendants released to CCAP are ordered to avoid drugs and alcohol, submit to drug testing, keep staff aware of their residential situation and contact information, and comply with programming and directions from staff.

After Coronell was sentenced, the trial court heard and decided two motions amending that sentence. The first added a condition to his DOSA: "[T]he defendant is ordered to an additional 12 months of community custody term if the offender fails to complete or is administratively terminated from the

2

DOSA program." The second rescinded the credit the trial court had previously extended to Coronell for the 57 days he served in CCAP.

Coronell appeals.

ANALYSIS

Coronell first contends that the trial court exceeded its authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, when it amended his sentence so that if he failed his DOSA program he would serve an additional year in community custody. He asserts that this amendment caused his sentence to exceed its statutory maximum length. He also contends that the trial court erred when it concluded that his participation in the CCAP program did not qualify as credit for time served. We agree that the trial court exceeded its sentencing authority but conclude that it did not err when it denied him credit for time served in CCAP.

Standard of Review

Washington appellate courts presented with questions of law concerning whether a defendant has been lawfully sentenced under the SRA apply de novo review. In re Pers. Restraint of Brooks, 166 Wn.2d 664, 667, 211 P.3d 1023 (2009). We therefore review the first issue—whether the trial court had the authority to add 12 months to Coronell's sentence—de novo. Similarly, questions of statutory interpretation are reviewed de novo. State v. Van Wolvelaere, 195 Wn.2d 597, 600, 461 P.3d 1173 (2020). Because Coronell challenges whether the trial court had the discretion to extend credit for time

served under the SRA, a question of statutory interpretation, we also review the second issue de novo.

<u>Trial Court's Authority to Add 12-Months to Coronell's Sentence</u>

The first order modifying Coronell's judgment and sentence (J&S)[1] was issued on April 29, 2022, two and a half months after he was sentenced and he initiated his appeal. It amended his J&S "to reflect that the defendant is ordered to an additional 12 months of community custody term if the offender fails to complete or is administratively terminated from the DOSA program."

The court erred in two ways. First, the trial court lacked authority to amend the J&S because, contrary to RAP 7.2(e), it failed to seek this court's permission before modifying an order, the J&S, already being appealed. Second, the trial court lacked the substantive authority under the SRA to add 12 months to a sentence that already imposed the statutory maximum. For both these reasons, we reverse.[2]

1. <u>The Trial Court Did Not Have the Authority to Amend the J&S</u>

This appeal was pending at the time of the April 2022 order, but the parties did not follow the process required by RAP 7.2(e) to modify an order

---

[1] The J&S is the document that effects the sentence.

[2] Additionally, the order was never properly designated for appeal as required by RAP 5.1 and 5.2; Coronell filed two timely notices of appeal, but they encompass only his J&S itself and the *second* order modifying his sentence. Neither party raises this failure to designate, and we exercise our authority under RAP 18.8(a) to waive the provisions of the RAP to serve the ends of justice and choose to hear it. <u>See</u> <u>In re Truancy of Perkins</u>, 93 Wn. App. 590, 594, 969 P.2d 1101 (1999) (reviewing undesignated order because purpose of designation—notice—was met, issues were otherwise properly raised, briefed, and argued, and consideration of the order was not unduly prejudicial).

pending appeal. Regardless of the merits of the trial court's authority under the SRA, this procedural defect means that the trial court lacked the ability to issue the April 2022 order.

RAP 7.2 governs the trial court's power to act in a matter for which appeal is pending. Where the trial court would otherwise be able to modify an order but that modification would affect "a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision." RAP 7.2(e). Here, even though appeal was initiated in February 2022, that permission was neither sought nor obtained. As a result, the trial court did not have the authority to modify Coronell's sentence in the April 2022 order.

Though this alone is grounds for reversal, we still consider Coronell's substantive claim.

2. The Trial Court's Authority under the SRA

Coronell contends that trial court exceeded its authority under the SRA when it amended his J&S in the April 2022 order. We agree.

Courts may not "impose a sentence providing for a term of confinement or community custody that exceeds the statutory maximum for the crime." RCW 9.94A.505(5). Nor may the combination of time served in confinement and served in community custody exceed the statutory maximum. RCW 9.94A.701(10); State v. Boyd, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012). It is the length of the sentence at the time it is handed down, not the length of time actually served, that is the subject of our review. State v. Bruch,

182 Wn.2d 854, 864, 346 P.3d 724 (2015). Thus, in Boyd, which concerned a crime with a statutory maximum of 60 months, the trial court exceeded its authority when it imposed 54 months of confinement and 12 months of community custody even though it had also noted that the total time served could not exceed 60 months. 174 Wn.2d at 471-73.

Here, the jury found Coronell guilty of domestic violence felony violation of a court order. Domestic violence felony violation of a court order is a class C felony. Former RCW 26.50.110(5) (2019).[3] The maximum sentence for a class C felony is 60 months. RCW 9A.20.021(1)(c). At sentencing, the trial court imposed a DOSA sentence of 30 months in prison and 30 months in community custody. Coronell's J&S laid out the consequences of noncompliance with the DOSA program, including being removed from community custody and returned to prison:

> If the defendant fails to complete DOC's special drug offender sentencing alternative program or is administratively terminated from the program, he/she shall be reclassified by DOC to serve the balance of the unexpired term of sentence. If the defendant fails to comply with the conditions of supervision as defined by DOC, he/she shall be sanctioned. Sanctions may include reclassification by DOC to serve the balance of the unexpired term of sentence.

The trial court's April 2022 order modified these terms "to reflect that the defendant is ordered to an additional 12 months of community custody term if the

---

[3] This provision was active at the time of Coronell's offense and sentencing, and continued to be active until July 1, 2022, when it was repealed by LAWS OF 2021, ch. 215, § 170, a comprehensive overhaul of Washington's protection order statutes. It is therefore the relevant law on appeal. In re Pers Restraint of Carrier, 173 Wn.2d 791, 808, 272 P.3d 209 (2012).

offender fails to complete or is administratively terminated from the DOSA program."

This modification exceeded the trial court's statutory authority. Coronell was already sentenced to the statutory maximum. The trial court's April 2022 order's only effect was to add time that exceeded the maximum sentence, thereby violating RCW 9.94A.701(10).

The State contends that this conclusion takes the April 2022 order too literally. It asserts that, when read in conjunction with the J&S's existing consequences for non-compliance, "it is apparent that community custody could only be imposed for 12 months upon termination of the DOSA if there were 12 months or more left within the total unexpired term of sentence." But this ignores the plain language of the modification order, which explicitly orders "additional" community custody. The State is asking us to read terms into the order that simply are not present.

We therefore conclude that the court erred both procedurally and substantively in making this modification and reverse for vacation of the April 2022 order.

<u>Credit for Time Served in CCAP</u>

Coronell also challenges the trial court's second order modifying his J&S, which reversed its decision at sentencing to award him 57 days of credit for time served in CCAP.[4] His challenge fails because the statutory provision he relies

---

[4] Unlike the April 2022 order, this second order modifying Coronell's J&S was entered after this court granted permission under RAP 7.2(e).

on, RCW 9.94A.680(3), does not authorize the trial court to award credit for time served in CCAP.

At sentencing, a trial court may—or, under, certain circumstances, must—count time served by a defendant in pre-trial confinement, or various community programs, as time served toward their sentence. Indeed, due process requires that any presentence detention be counted toward a defendant's sentence. State v. Speaks, 119 Wn.2d 204, 206, 829 P.2d 1096 (1992).

Multiple statutory provisions authorize the trial court to award credit for time served, but the focus of Coronell's argument is RCW 9.94A.680. It begins: "Alternatives to total confinement are available for offenders *with sentences of one year or less.* These alternatives include the following sentence conditions that the court may order as substitutes for total confinement: . . . ." RCW 9.94A.680 (emphasis added). Its three sub-sections then each describe a basis for awarding credit. RCW 9.94A.680(1)-(3). Coronell invokes the third, which gives the court discretion to count time spent by the offender before sentencing in a county supervised community such as CCAP toward the offender's sentence. RCW 9.94A.680(3).

The clear and unambiguous language of this statute indicates that each of the three subsections, including the third, is an alternative to total confinement available only for offenders "with sentences of one year or less." This alone refutes Coronell's contentions concerning his CCAP credit. Coronell's sentence is five years; RCW 9.94A.680 does not apply to him.

8

Coronell contests the applicability of the "one year or less" restriction. He points out that neither of the two main cases interpreting RCW 9.94A.680 relies on it. But neither needed to, and where a legal theory is not discussed in a case's opinion, that opinion is not controlling in future cases where the legal theory is properly raised. Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1, 124 Wn.2d 816, 824, 881 P.2d 986 (1994). The first of the two cases, State v. Medina—where the appellant was sentenced to five years and this restriction was applicable—was concerned with RCW 9.94A.680*(1)*, not (3), and decided the case by deciding that CCAP is not "partial confinement" under the language of that sub-section. 180 Wn.2d 282, 289, 324 P.3d 682 (2014). The second, State v. Sullivan, denied CCAP credit because RCW 9.94A.680(3) applies only to those convicted of nonviolent offenses but the defendant there was guilty of second degree assault and sentenced to only one year. 196 Wn. App. 277, 297-300, 383 P.3d 574 (2016). These cases did not explicitly address RCW 9.94A.680's "sentences of one year or less" restriction and, because both cases denied CCAP credit on other grounds, they also did not implicitly address the restriction in their holdings. They do not affect the resolution of this appeal.

In one final argument concerning the "one year or less" restriction, Coronell appears to assert that its absence of treatment by the appellate courts renders it ambiguous. He asserts that there are policy reasons to oppose applying the rule as written. He then asks this court to apply the rule of lenity to resolve the "ambiguity" in his favor. But statutory language is not ambiguous simply because it is unaddressed by decisional law and in that instance, it is the

9

legislature's role to weigh policy considerations, not the courts'. RCW 9.94A.680 unambiguously applies only to offenders with sentences of one year or less. See State v. Elwell, 17 Wn. App. 2d 367, 370, 486 P.3d 152 (2021) ("Only if it is ambiguous will we consider . . . policies to interpret a statute.").

We therefore reverse, in part, for vacation of the April 29, 2022 Order Amending Judgment and Sentence.

Smith, A.C.J.

WE CONCUR:

Birk, J.

Andrus, C.J.